## THE STATE v. ROWE, *Appellant.*

142   439
168   ³408

### Division Two, February 1, 1898.

1. **Criminal Law** : MATTERS OF RECORD. The verdict of the jury and the judgment of the court are parts of the record proper of the cause,. and will be considered on appeal, although there is no bill of exceptions.

2. ———: GENERAL VERDICT. If the verdict of the jury, on a trial of one indicted in the same count for burglary in the second degree and grand larceny, fails to specify the offense of which the defendant is found guilty and the punishment imposed for such offense, it is invalid, and the judgment will be reversed.

3. ———: ———. The verdict of the jury in a criminal trial on an indictment in one court for burglary in the second degree and grand larceny was as follows: "We, the jury, find the defendant guilty as charged in the indictment and assess his punishment at imprisonment in the penitentiary for a period of five years." *Held,* that it is invalid for uncertainty, it being impossible to tell of which offense defendant was convicted. (Overruling *State v. Butterfield,* 75 Mo. 297.)

4. ———: ———. A verdict of a jury which is not so responsive to the charge alleged in the indictment as to afford the defendant protection against another prosecution for the same offense, can not be permitted to stand.

*Appeal from Greene County Criminal Court.*—HON. C. B. McAFEE, Judge.

REVERSED AND REMANDED.

*E. O. Gorman* for appellant.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

(1) The indictment is in the usual form employed in such cases and conforms in all its essential features with the strict provisions of law. *State v.*

*Tutt*, 63 Mo. 596; *State v. Tyrell*, 98 Mo. 354; Mc-Clain's Crim. Law, sec. 508. (2) Burglary and larceny may be charged in the same count. *State v. Owens*, 79 Mo. 619; *State v. Alexandria*, 56 Mo. 131. (3) In this case a general verdict was returned by the jury assessing defendant's punishment at five years in the penitentiary. The rule of law universally followed in cases of this sort is that where both burglary and larceny are charged in the indictment a general verdict of guilt convicts the accused of burglary, and whether, the larceny be preferred or not, it is immaterial. *State v. Yarborough*, 86 Ga. 396; *State v. Bulloch*, 10 Ga. 48.

BURGESS, J.—At the July term, 1897, of the Greene county criminal court, defendant was convicted under an indictment theretofore preferred against him by the grand jury of said county, charging him with burglary in the second degree and larceny, and his punishment fixed at five years' imprisonment in the penitentiary. He then filed motions for a new trial, and in arrest, which being overruled, he saved his exceptions and brings the case to this court by appeal. Defendant is not represented in this court. No bill of exceptions was filed, so that there is nothing for review other than the record proper. The indictment is free from objection and in form often approved by this court. The verdict of the jury was a general one, simply stating, "We, the jury, find the defendant guilty as charged in the indictment and assess his punishment at imprisonment in the State penitentiary for the period of five years."

The verdict and judgment are part of the record in the cause. In *Bateson v. Clark*, 37 Mo. 31, it was said: "The record proper by law is the petition, summons and all subsequent pleadings, including the verdict and judgment; and these the law has made it our

duty to examine and revise; and if any error is apparent on the face of these pleadings which constitute the record, we will reverse the cause, whether any exceptions were taken or not." *Railroad v. Carlisle*, 94 Mo. 166; *Railroad v. Lewright*, 113 Mo. 660; *Lilly v. Menke*, 126 Mo. 190.

The defendant was charged with two separate and distinct offenses, to wit, burglary in the second degree (R. S. 1889, sec. 3524), and grand larceny (R. S. 1889, sec. 3535). For burglary in the second degree the punishment is fixed by statute at not less than three years' imprisonment in the penitentiary. (R. S. 1889, sec. 3528).

By section 3529, Revised Statutes 1889, it is provided that "if any person in committing burglary, shall also commit a larceny, he may be prosecuted for both offenses in the same count, or in separate counts of the same indictment, and, on conviction of such burglary and larceny, shall be punished by imprisonment in the penitentiary, in addition to the punishment hereinbefore prescribed for the burglary, not less than two nor exceeding five years." It will be observed that the punishment prescribed by statute for the two different offenses is entirely different. While for the burglary it can not be less than three years' imprisonment in the penitentiary, there is no limit for its duration, it may be for life, and for the larceny it can not be less than two years nor more than five years; so that the verdict must of necessity specify the offense of which the defendant is found guilty, and the punishment imposed for such offense; otherwise it will be invalid. There being two separate and distinct offenses charged, upon either one of which or both the defendant might have been convicted if the evidence was sufficient, and acquitted of one or altogether if insufficient, it is impossible to determine from the verdict

whether the jury intended to find him guilty of both charges, or to find him guilty of one, and acquit him of the other, and if the latter, of which one of the charges they intended to find him guilty. Such a verdict can not stand. It is too indefinite and uncertain.

In *State v. Pierce*, 136 Mo. 134, there is quoted with approval the following from 3 Graham & Waterman on New Trial, page 1378: "The verdict must be certain, positive, and free from all ambiguity. It must convey on its face a definite and precise meaning, and must show just what the jury intended; an obscurity which renders it at all doubtful, will be fatal to it." And from 1 Bishop's Criminal Practice [3 Ed.], sec. 1005, the following: "If the verdict does not find the issue presented by the record, but some other, or is silent on some element of the offense, no valid judgment can be recorded upon it, and it should be set aside." Or, "if the meaning of it is uncertain, as for example, if it does not show which of two defendants is meant to be convicted, or on which of two counts the conviction is, the consequence is the same." *State v. Harmon*, 106 Mo. 635.

A verdict which is not so responsive to the charge alleged in the indictment as to afford the defendant protection against another prosecution for the same offense, is manifestly erroneous, and the verdict in this case is of that character. It makes no difference that both offenses were charged in the same count.

It is true that a different conclusion was reached in *State v. Butterfield*, 75 Mo. 297, in which it was held that a general verdict of guilty, under an indictment charging both burglary and larceny in the same count of the indictment, was sufficient, but that case was not well considered, is clearly not in line with the authorities, and especially the more recent decisions of this

court in *State v. Harmon, supra,* and *State v. Pierce, supra,* and should be overruled.

For these reasons we reverse the judgment and remand the cause for further trial, in accordance with the views herein expressed.

GANTT, P. J., and SHERWOOD, J., concur.