State v. Jones.

In Banc.

THE STATE v. JONES, Appellant.

Division Two, May 13, 1902.

1. **Prosecutions Under Informations:** LEAVE OF COURT. Since the amendment of article 2, section 12, Constitution, a felony may be prosecuted upon information filed by the prosecuting attorney without leave of court.

2. ———: CONSTITUTIONALITY OF AMENDMENT. It was entirely competent for the people of Missouri to so amend their Constitution as to provide that felonies may be prosecuted by information rather than by indictment.

3. ———: ———: DUE PROCESS OF LAW. Prosecution of felonies by information is not a denial of "due process of law" as used in the Federal Constitution.

4. ———: ———: RELEVANCY OF FEDERAL CONSTITUTION. Amendment 5 to the United States Constitution, providing that "no person shall be held to answer for capital or other infamous crime unless on presentment or indictment of a grand jury," is a limitation only upon congressional action, and does not apply to provisions made by the States for the punishment of crimes committed against State laws.

5. **Pleading:** BURGLARY: NAME OF COMPANY. In an indictment or information for burglary from a company, it is necessary to allege the names of the co-partners if the company is a firm, or if it is a corporation, that fact must be stated, and if it do not contain such allegation it is bad.

6. **Burglary and Larceny:** SUFFICIENCY OF VERDICT. Where the indictment or information charges both burglary and larceny, the statute affixing separate punishments for each, a verdict which reads, "We the jury find the defendant guilty as charged in the indictment," is erroneous.

Appeal from Stoddard Circuit Court.—*Hon. J. L. Fort*, Judge.

REVERSED AND REMANDED.

*W. A. Walker* and *A. W. Hunt* for appellant.

(1) The information is not sufficient in that it fails to state that "Drysdale-Ulen Hardware Co." is a natural or artificial person. State v. Patterson, 159 Mo. 98; Revis v. Lamme, 2 Mo. 207. (2) Defendant has been deprived of his liberty "without probable cause," supported by oath or affirmation reduced to writing. Constitution of Missouri, art. 2, sec. 11; Constitution of United States, fourth amendment. (3) This is a felony case, and the court should have instructed fully, whether or not requested; and this it did not do. R. S. 1899, sec. 2627; Laws 1901, p. 140, subsec. 4. (4) The verdict "We the jury, find the defendant guilty as charged," is too indefinite to support a judgment in burglary and larceny. State v. Rowe, 142 Mo. 439.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

It is charged that the information is insufficient in that the amendment to the Constitution of Missouri under which it is authorized conflicts with the Constitution of the United States, but in what particular is not set out, and that the amendment was not adopted according to the mode provided for amending the Constitution of the State. It is unneces-

sary for us to discuss this proposition at length as this court, in case of State v. Kyle, 166 Mo. 287, decided the constitutional amendment in reference to the filing of informations in felony cases and making informations concurrent with indictments to be constitutional. The same was held in the case of State v. Parks, 65 S. W. Rep. 1132. These are the only two cases in which the question has been presented to this court, and in both the amendment was held to be constitutional.

GANTT, J.—On July 29, 1901, the prosecuting attorney of Stoddard county filed an information in the circuit court of said county charging the defendant with burglary and larceny.

The said information omitting the formal parts and affidavit, is in the words following:

"K. C. Spence, prosecuting attorney within and for the county of Stoddard, in the State of Missouri, under his oath of office and upon his information and belief, informs the court that one Aud Jones on or about the 27th day of July, A. D. 1901, at the county of Stoddard and the State of Missouri, did then and there unlawfully, feloniously and burglariously break into and enter the store of the Drysdale-Ulen Hardware Co., there situate, the same being a building in which divers goods, merchandise and valuable things were then and there kept for sale and deposited, with the intent the goods, chattels, personal property and valuable things in the said store then and there being unlawfully, feloniously and burglariously to steal, take and carry away, and four pistols of the value of twelve dollars of the personal goods and chattels of the said Drysdale-Ulen Hardware Co., then and there in the said store being found, did then and there unlawfully, feloniously and burglariously steal, take and carry away; against the peace and dignity of the State."

Indorsed on said information appears the names of the

following witnesses: Geo. Drysdale, Wm. Wilson, Ben Howell, Ed. Cloe, Pick Montgomery, Geo. Magee, John Thomason and Andy Lane.

The defendant was arrested, and at the September term, 1901, was arraigned and entered his plea of not guilty. At the same term he was tried and convicted and sentenced to imprisonment in the penitentiary for three years. From that sentence he appeals. Numerous errors were assigned in his motions for new trial and in arrest of judgment, and they are renewed in this court.

I.   The information is challenged on various grounds.

First, because in conflict with sections 11, 22, 28 and 30 of article 2 of the Constitution of Missouri, and with articles 4, 5, 6 and 14 of the Constitution of the United States. In the brief on file this objection is not amplified and no reasons given why the information should be held a violation of the Constitution.   By an amendment of article 2, section 12 of the Constitution of Missouri, adopted at the general election held November 8, 1900, it was provided that "no person shall be prosecuted criminally for felony or misdemeanor otherwise than by indictment or information, which shall be concurrent remedies."   Since the adoption of that amendment by the people a felony may be prosecuted upon information filed by the prosecuting attorney and without leave of the court first had and obtained.   [State v. Kyle, 166 Mo. 287; State v. Parks, 165 Mo. 496.]

This amendment was submitted at the same election with the third amendment proposed to the people by the same Legislature, and it was ruled in Russell v. Croy, 164 Mo. 69, and Holmes v. Croy, 164 Mo. 69, in due conformity to the requirements of the Constitution and laws of this State. [Art. 15, Constitution of Missouri 1875; sec. 7122, R. S. 1899.]

That it was entirely competent for the people of Mis-

Vol 168 mo—26.

souri to provide that felonies might be prosecuted by information without infringing the Constitution, we entertain no doubt whatever.

The fourth, fifth and sixth amendments to the Constitution of the United States are limitations only upon congressional power, and not upon the several States, and it has been expressly held by the Supreme Court of the United States, that a State Constitution authorizing prosecutions for felonies on information rather than by indictment was not a denial of due process of law within the meaning of the fourteenth amendment to the Constitution of the United States. [Hurtado v. California, 110 U. S. 516; Hodgson v. Vermont, 168 U. S. 262.]

It is next objected that the information is not verified according to law. It will be observed that the information on its face discloses it was made upon the official oath of the prosecuting attorney upon his information and belief, which the statute expressly permits. [Sec. 2478, R. S. 1899, amended, Laws of 1901, p. 139; State v. Hayward, 83 Mo. 304.]

This brings us to the last objection to the information, which is that it fails to aver the ownership of the burglarized property and stolen goods in that it merely charges the store to have been the property of the Drysdale-Ulen Hardware Company, and the stolen goods to be the personal property of said hardware company, and fails to state that it was a firm composed of certain natural persons or that it was a corporation.

It has always been necessary to allege and prove the ownership of the house charged to have been burglarized and the ownership of chattels alleged to have been stolen. [2 East P. C. 650.] Where ownership is laid in a corporation, the fact of the incorporation should be alleged, and this is not affected by the fact that proof of the existence of the corporation *de facto* will sustain the charge. As noth-

ing is to be left to intendment, the defendant is entitled to know whether the State intends to show ownership in a firm composed of individuals' or in a corporation. In this case he raised the objection in his motion in arrest, but it has often been ruled that he may take advantage of the defect in the indictment in this court for the first time. [State v. Patterson, 159 Mo. 98, 59 S. W. 1104; Wharton's Crim. Law, secs. 1828 and 1833; 2 Russell on Crimes, p. 100; Wallace v. People, 63 Ill. 451; 1 Bishop's Crim. Prac. (3 Ed.), sec. 682; State v. Mead, 27 Vt. 722; Cohen v. People, 5 Parker's C. R. 330; 2 Archbald's Crim. Pl., 359; White v. State, 24 Tex. App. 231; Thurmond v. State, 30 Tex. App. 539; McCowan v. State, 58 Ark. 17. There are cases to the contrary in other States, but in the absence of a statute we are relegated to the common law, and we hold the information bad in substance in failing to allege the names of the co-partners if the Drysdale-Ulen Hardware Company was a firm, and if a corporation in not alleging it was a corporation.

III. Error is also predicated upon the verdict which is a part of the record proper. The verdict reads, "We the jury find the defendant guilty as charged in the indictment." The indictment charged both burglary and larceny, and the statute affixes different punishments for each. A verdict like this was held erroneous in State v. Rowe, 142 Mo. 439.

As the judgment must be reversed and the cause remanded we express no opinion as to the weight of the evidence, but we discover no error in the instructions.

The judgment is reversed and the cause remanded in order that a new information may be filed accordingly as the prosecuting attorney may deem proper.

*Sherwood, P. J.,* concurs, but entertains the same opinion about the non-adoption of the various constitutional amendments as before, but owing to the ruling of the Court in Banc on that point he thinks it useless to send this case over on that point.