# CASES DETERMINED

BY THE

# SUPREME COURT

OF THE

# STATE OF MISSOURI

APRIL TERM, 1904.

## THE STATE v. McGEE and McGRAW, Appellants.

Division Two, May 10, 1904.

1. **INFORMATION: Failure to Verify.** Where an information is not verified as required by the statute (secs. 2477 and 2478, R. S. 1899), and this defect is brought to the attention of the court by a timely motion to quash, which is overruled and exception saved, and the point is renewed in the motion for new trial and in arrest, and again overruled, the judgment will be reversed.

2. **VERDICT: Not Responsive to Charge.** A verdict of "guilty of larceny from *a* person in the nighttime, as charged in the indictment," is not responsive to an information which charges larceny from "*the* person of S. in the nighttime;" and the court should require the jury to conform their verdict to the issue tendered. Whether the words, "as charged in the indictment," cured the otherwise indefinite verdict, is not decided.

Appeal from St. Louis City Circuit Court.—*Hon. O'Neill Ryan*, Judge.

REVERSED AND REMANDED.

*Thomas B. Harvey* for appellants; *John A. Gernez* of counsel.

(1) The information, in the absence either of verification or affidavit in support thereof, was insufficient, and the motion to quash should have been sus-

(312)

tained. State v. Jones, 168 Mo. 398; State v. Bonner, 178 Mo. 424. (2) The verdicts are not responsive to the charge contained in the information, nor to the issue submitted by the instructions of the court. State v. Pierce, 136 Mo. 40; State v. Rowe, 142 Mo. 442; State v. Jones, supra; Webber v. State, 10 Mo. 8; Clark's Crim. Proc., 485; 1 Bish. New Crim. Law, sec. 1005; Whart. Crim. Pl. & Pr. (9 Ed.), sec. 756; State v. Whitaker, 89 N. C. 473; Gibbs v. State, 34 Tex. 134.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

An information, in the absence of either verification or an affidavit in its support, is insufficient, and a motion to quash for that reason should be sustained. The judgment must be reversed. State v. Bonner, 178 Mo. 424.

GANTT, P. J.—This is a prosecution by information filed in the circuit court of the city of St. Louis by the circuit attorney of said city, and, omitting caption, is as follows:

"That John McGee, Edward McGraw, alias Butch, and John Scullin, alias Kid Taylor, alias Whiting, on the twenty-first day of January, one thousand nine hundred and three, at the city of St. Louis aforesaid, about the hour of 11:40 in the night thereof, at the city of St. Louis aforesaid, one pearl scarf pin set with eleven diamonds of the value of one hundred and ninety dollars ($190.00), all the goods, chattels and personal property of one Harlow B. Spencer, then and there feloniously did steal, take and carry away from the person of the said Harlow B. Spencer in the nighttime, with intent then and there to deprive the owner of the use thereof and to convert the same to their own use."

"Appellants, on March 25, 1903, moved to quash the above information because, among other reasons:

'The information is not verified, nor is it based upon any affidavit, as required by law.' The court overruled said motion, and the appellants duly saved their exceptions. And, thereupon, and on the aforesaid date, the appellants were arraigned, entered their plea of not guilty and were placed upon trial, which resulted in a conviction of each of them, as expressed in the following verdicts:

" 'State of Missouri v. John McGee and Edward McGraw.

" 'On indictment for larceny from a person in the nighttime.

" 'We, the jury in the above entitled cause, find the defendant, John McGee, guilty of larceny from a person in the nighttime, as charged in the indictment, and assess the punishment at imprisonment in the penitentiary for five years.

" 'L. B. JACKSON,<br>" 'Foreman.'

" 'State of Missouri v. John McGee and Edward McGraw.

" 'On indictment for larceny from a person in the nighttime.

" 'We, the jury in the above entitled cause, find the defendant, Edward McGraw, guilty of larceny from a person in the nighttime, as charged in the indictment, and assess the punishment at imprisonment in the penitentiary for five years.

" 'L. B. JACKSON,<br>" 'Foreman.'

"At the same term of court, and within four days after the filing of said verdicts, appellants filed their motion for a new trial, the third ground of which was that, 'the court erred in overruling the motion of defendants to quash the information.' "

And, thereafter, appellants in their motion in arrest of judgment renewed their objection to the sufficiency of the information because not verified as re-

quired by law, and in addition to this ground assigned the further point that the verdict would not sustain the judgment because it was not responsive to the charge in the information, which was larceny from *the* person of Harlow B. Spencer in the nighttime, "whereas the verdict found them guilty of larceny from *a* person in the nighttime."

I.   The information not having been verified as the statute (Secs. 2477 and 2478, R. S. 1899) requires, and this failure having been brought to the attention of the circuit court by a timely motion to quash, which was overruled and exception saved, and the point having been renewed in the motions for new trial and in arrest, the judgment must be reversed on this ground.   [State v. Bonner, 178 Mo. 424; State v. Schnettler, 181 Mo. 173.]

II.   The verdicts are assailed as insufficient because the jury, instead of finding the defendants guilty of larceny from "*the* person in the nighttime," found them guilty of "from *a* person in the nighttime, as charged in the indictment."

Unquestionably counsel are right in asserting that the two elements peculiar to this species of larceny are that it must be "from the person" and "in the nighttime," and the court correctly instructed the jury that these two elements must concur in order to find the defendants guilty under the charge in the indictment; but counsel insist that the jury only found *one* of these, to-wit, that the larceny was committed in the nighttime, and made no findings as to the other essential charge that it was "from *the* person," and hence the verdicts fall within the well-established doctrine that if the verdict does not find the issue presented by the record, but some other, or is silent as to some element of the offense, no valid judgment can be recorded upon it, and it should be set aside.   [State v. Rowe, 142 Mo. 442; State v. Jones, 168 Mo. 398; Webber v. State, 10 Mo. 8.]

The court should have required the jury to correct their verdict to conform to the only issue tendered them, to-wit, whether the defendants were guilty of larceny from *the* person of Harlow B. Spencer in the nighttime. Whether the additional words, "as charged in the indictment," cured the otherwise indefinite verdicts, it is not necessary to decide, as the judgment must be reversed on account of the failure to verify the information, and the error as to the form of the verdicts can be readily avoided on another trial if the defendants are found guilty.

The judgment is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

All concur.