## THE STATE v. DeWITT, Appellant.

### Division Two, January 31, 1905.

1. **CARNAL KNOWLEDGE: Testimony of Prosecutrix: Corroboration.** Where the testimony of prosecutrix clearly sustains the charge of carnal knowledge, and her testimony is corroborated by the admissions of defendant to other witnesses, a demurrer to the evidence is properly overruled.

2. ————: **Definition.** While it is not essential that the instructions should define the terms "carnal knowledge," the employing of such terms in the instructions as equivalent to and interchangeable with the terms "sexual intercourse" is a sufficient definition, if any were needed.

3. **FAILURE OF DEFENDANT TO TESTIFY: Instruction.** An instruction which tells the jury that "the fact that defendant did not testify should not be considered by the jury in arriving at a verdict, and no juror should be prejudiced against the defendant because he did not testify," while unnecessary, is not a violation of the statute (sec. 2638, R. S. 1899) prohibiting prejudicial comment on defendant's failure to testify.

4. **VERDICT: Not Responsive: Carnal Knowledge.** Under an indictment charging carnal knowledge of an unmarried female of previous chaste character between the ages of fourteen and eighteen years, a verdict which omits an essential element of the offense, to-wit, that the female was "of previous chaste character," is insufficient as not being responsive to the charge.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor*, Judge.

REVERSED AND REMANDED.

State · v. DeWitt.

*Claud D. Hall* for appellant.

(1) The court failed to instruct the jury upon all the issues of law in the case in that the words "carnal knowledge" were not defined, nor was the jury instructed as to what was necessary to find in order to find defendant had had "carnal knowledge" of the prosecutrix. State v. Grubb, 55 Kan. 680. (2) The verdict is not responsive to the charge, and is insufficient to support a judgment, in that it does not find that prosecutrix was "of previous chaste character." 22 Enc. Pl. and Pr., 873; Clark on Crim. Prac., 485; 1 Bish. New. Crim. Proc., sec. 1005; Wharton, Cr. Pl. and Pr. (9 Ed.), sec. 756; State v. Pollock, 105 Mo. App. 273; People v. Cummings, 117 Cal. 497; Holmes v. State, 58 Neb. 297; Clay v. State, 43 Ala. 350; Huffman v. State, 89 Ala. 33; State v. Maxwell, 42 Iowa 208; State v. Ritchie, 3 La. Ann. 511; State v. Crump, 104 S. C. 762; State v. Bray, 89 S. C. 480; State v. McGee, 181 Mo. 312. (3) The giving of instruction 6 is a violation of the statute for it directly calls the attention of the jury to the fact that the defendant did not testify. State v. Robinson, 117 Mo. 663.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

(1) The verdict is sufficiently specific and certain. It amply supports and warrants the judgment and is not subject to defendant's technical criticisms. (2) While it was not necessary for the court to have instructed the jury that defendant's failure to testify should not be considered by them in arriving at a verdict, yet it was not reversible error to give it. The jury was by this instruction cautioned not to use such fact at arriving at a verdict. Certainly no error can be charged where the court instructs correctly as to a principle of law, though the same may not be necessary.

Such fact was not referred to in a way that would prejudice the rights of the defendant, and it is only such reference that can be set up as harmful.

GANTT, J.—The defendant, a married man, was indicted by the grand jury, December 18, 1903, with unlawfully and feloniously having carnal knowledge of the body of Rosa Weild, an unmarried female of previous chaste character, under the age of eighteen and over fourteen years of age.

Defendant was duly arraigned and upon his trial before a jury, was convicted and sentenced to six months in the city jail and to pay a fine of five hundred dollars. From that sentence he appeals.

This prosecution is founded upon the act of the General Assembly, approved April 8, 1895, making it a felony for any person over the age of sixteen years to have carnal knowledge of any unmarried female of previous chaste character, between the ages of fourteen and eighteen years of age. The constitutionality of this act was settled in State v. Hamey, 168 Mo. 167.

The evidence tends to prove that the prosecutrix was a young woman, seventeen years of age at the time of the illegal intercourse on May 30, 1903, and of good reputation for chastity and virtue. Her home from her childhood had been in Hermann, Missouri. Some eight months previous to her deflowering, she had gone to the city of St. Louis and had been engaged as a waitress in a restaurant kept by her sister, Mrs. Field. Later on, she went to work as a house girl in the western part of the city. About two months prior to the thirtieth of May, 1903, she become acquainted with the defendant, a married man, who was in the habit of taking his meals at the said restaurant on Olive street; on the evening of May 30, 1903, she had expressed her intention of going to the Union Station to meet her sister whom she expected on the train from Hermann. The defendant offered to accompany her, and together

they started to the station. On the street car he gave
her some candy, of which he declined to eat himself.
After eating the candy, she testified she felt strange,
and the defendant, without going all the way to the
station, took her to a house, No. 519 Theresa avenue,
and took her to a room and he and she occupied the
same bed all night and he had criminal intercourse with
her. About four o'clock next morning he took her to
her place of employment and left her. The evidence
tends further to prove that defendant afterwards con-
fessed to Mrs. Drossell and Miss Reed, who upbraided
him for ruining the prosecutrix, and he said he would
get a divorce and marry the girl. He admitted to them
he had taken her to the Theresa avenue house and
ruined her. There was an attempt to prove an alibi
which the jury rejected. Other facts may be noted in
the course of the opinion.

I. We see no merit in the contention that the de-
murrer to the evidence should have been sustained.
The evidence abundantly established the fact that de-
fendant had carnal knowledge of the prosecutrix. Her
testimony clearly sustained this charge of the indict-
ment and was corroborated by the admissions of the
defendant to the other witness. Without recapitulat-
ing the evidence of the scandalous conduct of the de-
fendant on this point, it suffices to say that unless the
jury had rejected the testimony of the prosecutrix and
the other witnesses, no other finding could have been
made.

II. The previous chaste character of the prosecu-
trix was amply proved and no effort made to disprove
it. The State assumed this burden and fully sus-
tained it.

III. The failure of the court to define carnal
knowledge is assigned as error.

On this subject the court throughout its instruc-
tions treated "carnal knowledge" and "sexual inter-

course'' as equivalent terms; thus defining carnal
knowledge, if it needed any definition to a jury of ordi-
nary intelligence, to mean sexual intercourse, the def-
inition given these words by Webster and other lex-
icographers. While we do not think it was essential
to define ''carnal knowledge,'' the court practically did
so by treating these words as equivalent to and inter-
changeable with sexual intercourse.

Nothing in State v. Grubb, 55 Kan. 678, and Davis
v. State, 43 Tex. 189, militates against our conclusion
on this point. In each of those cases the court was
discussing the absence of proof of actual coition and
the necessity for proving the same. Here the proof
amply sustained the actual sexual intercourse. There
was no error in the instruction on this point.

IV. A further contention is made that the court
erred in instructing the jury ''that the fact that the
defendant did not testify should not be considered by
the jury in arriving at a verdict in this case, and no
juror should be prejudiced against the defendant be-
cause he did not testify in the case.''

Our statute (sec. 2638, R. S. 1899), provides that:
''If the accused shall not avail himself or herself of
his or her right to testify, or of the testimony of the
wife or husband, on the trial in the case, it shall not
be construed to affect the innocence or guilt of the ac-
cused, nor shall the same raise any presumption of
guilt, nor be referred to by any attorney in the case,
nor be considered by the court or jury before whom the
trial takes place.''

Counsel for defendant urges that the giving of the
foregoing instruction was a violation of section 2638,
supra, and was a comment on the evidence.

The latter objection is clearly not tenable. Cer-
tainly it was not a prejudicial comment to defendant.
Was it a violation of the statute to mention the failure
to testify? Every juror knows that the defendant may

testify if he sees fit and we have often ruled that it is reversible error for counsel for the State to comment upon such failure, but does this instruction in any way fall within the mischiefs which we have so often condemned? We think not. By it the jury were cautioned and prohibited from using such fact in arriving at a verdict. The jury are required to accept the law of the case from the court, and when the court positively directs them they shall not consider a certain fact, how can it be said that such a charge is prejudicial error? We are, however, confronted with what was said in State v. Robinson, 117 Mo. 649. In that case, the defendant prayed an instruction that his failure to testify should not create any presumption against him, which was refused, and the refusal was assigned as error in this court. It was held not error, and it was added, "If the court had given such an instruction, it would have disobeyed the *spirit* if not the letter of the law." That such an instruction is not necessary and that it would not be error to refuse it, we may concede, but is it reversible error to give it in the form in which this sixth instruction was given in this case? Upon a full reconsideration of the point, we are satisfied it was not prejudicial to the defendant. It is the law that the jury shall not consider the failure of the defendant to testify, and how can it in reason be held error for the court to caution the jury against considering that which the law forbids? Taking the whole section together and the purpose of its enactment, we think it was designed to prevent the indulging of any adverse presumption by court or jury from the failure of defendant to testify, and to prohibit any adverse comment on that account, but to say that, when a court directs a jury they shall not consider such a failure to testify in making up their verdict, this amounts to an adverse comment, is illogical and unreasonable and we must reject such a conclusion. We think that, while it

was unnecessary to give the instruction, it was not reversible' error to do so.

V.   Finally it is insisted that the verdict was insufficient because it fails to specify that the carnal knowledge was had of a female "of previous chaste character." We are cited to various decisions of this court to sustain this assignment. In State v. Rowe, 142 Mo. 439, the defendant was charged with two distinct and separate offenses, to-wit, burglary in the second degree and larceny, offenses for which the punishment provided was different. The jury returned a verdict, "guilty as charged in the indictment," and it was held that it could not be determined from the verdict whether the jury intended to find him guilty of both charges or to find him guilty of one and acquit him of the other and, if the latter, of which one they intended to find him guilty. Accordingly, it was ruled that the verdict was too uncertain and indefinite. In State v. Pierce, 136 Mo. 34, there were two counts in the indictment, one for forging a certain instrument, the other for feloniously passing and altering the same instrument. The verdict was a general verdict of guilty, and it was held that it was impossible to tell from the verdict on which count the jury found defendant guilty, and it being obvious they found him guilty of only one, the verdict was too uncertain to sustain the judgment.

A like ruling had previously been made in State v. Harmon, 106 Mo. 635, in which there were fourteen counts and a general finding not specifying on which count the verdict was rendered. These rulings do not conflict with that other class of cases where the joinder in different counts is simply designed and calulated to adapt the pleading to the different aspects in which the evidence on the trial may present a single transaction. [State v. Noland, 111 Mo. l. c. 500, et seq.]

In State v. Jones, 168 Mo. 398, two distinct crimes, burglary and larceny, were charged and the verdict

was guilty as charged in the indictment, and it was held too indefinite. We are also cited to State v. McGee, 181 Mo. 312, in which it was ruled that the court should have required the jury to correct the verdict, by making it more specific, but the judgment was not reversed on that ground, but solely for the reason that the information was not verified as the law required.

Now in this case there is but one count in the indictment, and one offense only charged, and the jury have found the defendant guilty of carnal knowledge of a female over fourteen and under eighteen years of age. The point is that because the verdict fails to find that the prosecutrix was also "a female of previous chaste character" it is fatally defective. It is clear that it is essential under this section to charge that the female was of previous chaste character, and so it was charged in this case and so the jury were instructed. Whatever the practice may be in other States, it is the settled law of Missouri that if a verdict, which is a part of the record, is not responsive to the issue or is so uncertain and indefinite that it will not support the judgment, this defect may be reached by a motion in arrest of judgment. [Webber v. State, 10 Mo. 4; Davidson v. Peck, 4 Mo. 438; Griffin v. Samuel, 6 Mo. 50.]

In 22 Ency. Plead. & Prac., p. 873, the doctrine is stated that "a verdict in a criminal case must be responsive to the charge in the indictment or it will not support a judgment."

Clark on Crim. Proc., p. 485, says, "It (the verdict) must also be responsive to the charge, and consistent, and find everything that is necessary to enable the court to render judgment."

Bishop in his New Crim. Procedure (4 Ed.), vol. 1, section 1005, states the rule to be that, "If instead of the issue in the record, it finds some other, or is silent on some element of the offense, it will not sustain a judgment."

State v. DeWitt.

Wharton in his Crim. Pl. & Prac. (9 Ed.), section 756, announces the rule that "a verdict defective *in omitting an essential ingredient is a nullity.*" These excerpts from these text-writers are fully borne out by the adjudicated cases.

In State v. Whitaker, 89 N. C. 472, defendant was found guilty of "receiving stolen cotton," whereas the indictment charged him with "receiving cotton knowing it to have been stolen," and it was held not responsive.

In People v. Cummings, 117 Cal. 497, the defendant was charged with obtaining a note by false and fraudulent pretenses. The verdict found him guilty of defrauding C. Schnelle of the $175 note. The Supreme Court said: "A good verdict must contain either in itself or by reference to the indictment all the essentials of the crime. *If silent on some element of the crime,* the verdict will not sustain a judgment."

In Holmes v. State, 58 Neb. 297, there was a verdict of guilty of larceny from the person, without finding the value of the property, and the cause was reversed because a finding of the value was an essential element of a good verdict. [Armstrong v. State, 21 Ohio St. 357.]

In Huffman v. State, 89 Ala. 33, we have a case strikingly in point. The indictment alleged embezzlement of $150, the property of Sells Brothers. The verdict was, "We, the jury, find the defendant guilty of embezzlement of a sum of money less than twenty-five dollars." Said STONE, C. J., "When a special verdict is found, it must affirm every material ingredient of the offense, or no judgment can be rendered upon it. Under the authorities we are not able to affirm that anything was found, *except what was expressed.* Hence, we are not permitted to know, or to infer, that the finding implied that the money embezzled was the property of Sells Brothers. . . . If the verdict had been, 'We, the jury, find the defendant guilty,' or

'guilty as charged,' and then added the value of the property embezzled, this would have been a general verdict, and would have been held sufficient.''

To the same effect are Clay v. State, 43 Ala. 350; State v. Maxwell, 42 Iowa 208.

In the light of this unbroken line of authorities was the verdict in this case sufficient? To constitute the offense for which defendant was indicted it is absolutely essential that the female of whom he is charged to have had carnal knowledge must have been of previous chaste character, and yet the jury did not so find. The jury might well have found all they did find and yet not have found the essential fact of her previous chastity. As said by Chief Justice Stone in Huffman's case, this court, looking alone to the record, can not say anything was found by the jury but that which they expressed in their verdict.

All these authorities have, moreover, said that if the verdict is silent as to some essential element of the crime, it is not sufficient to sustain a judgment. Had the jury said, ''We, the jury, find the defendant guilty as charged in the indictment,'' there being but one charge therein, it would have been a good general verdict and sufficient, but they have made no such finding or reference to the indictment, but contented themselves with a special finding, and we are compelled to hold the verdict was insufficient, or to invade the province of the jury and find something which they did not find, which of course is not to be entertained for one moment. As said by the Supreme Court of North Carolina in Whitaker's case: ''To avoid embarrassment in cases like this'' (and we add in every criminal case) ''it would be well to follow the suggestion of Mr. Bishop, 'that in every case of a verdict rendered, the judge or prosecuting officer, or both, should look after its form and its substance, so far as to prevent a doubtful or insufficient finding from passing into the records of the court, to create embarrassment afterwards and

perhaps the necessity of a new trial.' [1 Bish. Crim. Proc., sec. 831.]'' A practice has obtained in many of the circuits, which we commend, of the courts giving the jury a form for their verdict, but when the verdict is returned and it is found uncertain or insufficient, the court should so state to the jury and require them to put it into proper form or with their consent to amend it in their presence.

Because the verdict in this case omits the essential finding of the previous chaste character of the prosecutrix, it must be held insufficient to sustain the judgment, and the judgment must be and is reversed for a new trial. As the cause must be retried, we will add that the court should omit the 6th instruction and if the letters written by the defendant to the prosecutrix tend to corroborate her evidence, we think the objection to them should be overruled.

For the error noted the judgment is reversed and the cause remanded for a new trial in accordance with the views herein expressed.

All concur.