## THE STATE v. WILLIAM McCUNE, Appellant.

### Division Two, February 18, 1908.

**BURGLARY AND LARCENY: Verdict: Invalid for Uncertainty.**
Where the information charges defendant with burglary and
larceny in one count, a verdict which says, "We, the jury, find
the defendant guilty of burglary and larceny, and assess his
punishment at five years in the penitentiary," is invalid for un-
certainty.

Appeal from Scotland Circuit Court.—*Hon. Chas. D.
Stewart,* Judge.

REVERSED AND REMANDED.

   *Herbert S. Hadley,* Attorney-General, and *Frank
Blake,* Assistant Attorney-General, for the State.

   The verdict is invalid for uncertainty, as it is im-
possible to tell of which offense defendant was convic-
ted.   State v. Rowe, 142 Mo. 439; State v. McGee, 181
Mo. 315; State v. Jones, 168 Mo. 408; R. S. 1899, sec.
1891.

FOX, P. J.—The defendant in this cause prosecutes this appeal from a judgment of the circuit court of Scotland county convicting him of burglary and larceny. There was no bill of exceptions filed in this proceeding, hence there is no preservation of the action of the court upon matters occurring during the progress of the trial. This cause is therefore before this court standing alone upon the record proper. The record discloses that on the 10th day of July, 1906, the prosecuting attorney of Scotland county filed an information against the appellant herein jointly with others, charging the commission of the offense of burglary and larceny in one count. Appellant was duly arraigned and on August 21, 1906, was tried. Upon the submission of the cause to the jury they returned the following verdict: "We, the jury, find the defendant guilty of burglary and larceny, and assess his punishment at five years in the penitentiary."

The verdict is manifestly erroneous and must be held invalid for uncertainty.

This proposition was in judgment before this court in State v. Rowe, 142 Mo. 439. The charge in that case was similar to the one in the case at bar, burglary in the second degree and grand larceny under the provisions of the statute. This court, speaking through Judge BURGESS, expressly ruled that the verdict and judgment are a part of the record in the cause, and the verdict must be certain, positive and free from all ambiguity. The verdict returned in that cause was nearly identical with the one as disclosed by the record before us, and it was held that such verdict could not stand for the reason that it was too indefinite and uncertain, and the case of State v. Butterfield, 75 Mo. 297, in which a different conclusion was reached, was expressly overruled.

To the same effect is State v. Jones, 168 Mo. l. c. 403. The verdict in the case last cited was similar to the case at bar and it was held invalid. These two

cases announcing the rule as applicable to the uncertainty of verdicts were cited approvingly in the comparatively recent case of State v. McGee and McGraw, 181 Mo. 312.

The error as herein pointed out respecting the verdict disclosed by the record necessitates the reversal of the judgment.

As this cause must be remanded for a new trial for the reasons heretofore indicated, we simply suggest that the allegation in the information as to the ownership of the building burglarized is by no means clear and entirely satisfactory.    We suggest that an amended information be filed and if Thomas O'Day had this property rented or leased and was in possession, the charge should be that he was the owner of the building, or, if preferable, charge the name of the owner in fee of the property and that Thomas O'Day was the lessee and was in possession.

It is therefore ordered that the  judgment of the trial court be and the same is hereby reversed and the cause remanded for further proceeding in accordance with the views herein expressed.

All concur.