# THE STATE v. EARL LOGAN, Appellant.

### Division Two, February 18, 1908.

**BURGLARY AND LARCENY: Verdict: Separate Punishment.** In a prosecution for burglary and larceny, a verdict of guilty which fails to assess the punishment for each offense separately, is erroneous.

Appeal from Scotland Circuit Court.—*Hon. Chas. D. Stewart*, Judge.

REVERSED AND REMANDED.

*Smoot & Smoot* for appellant.

*Herbert S. Hadley,* Attorney-General, and *Frank Blake,* Assistant Attorney-General, for the State.

The verdict is invalid for uncertainty, as it is impossible to tell of which offense defendant was convicted. State v. Rowe, 142 Mo. 439; State v. McGee, 181 Mo. 315; State v. Jones, 168 Mo. 403; R. S. 1899, sec. 1891.

BURGESS, J.—The defendant was convicted in the circuit court of Scotland county, under an information charging him with burglary and larceny, and his punishment fixed at five years' imprisonment in the penitentiary. He appeals.

No bill of exceptions was filed, so that the only matters for the consideration of this court are such as appear from the record proper.

The jury found the defendant guilty of both burglary and larceny, and assessed his punishment at imprisonment in the penitentiary for a term of five years, and the court rendered judgment in accordance with the verdict. The verdict is clearly erroneous, in that it does not fix the punishment for each offense separately. A similar verdict was held erroneous in the case of State v. Rowe, 142 Mo. 439, in which the case of State v. Butterfield, 75 Mo. 297, which ruled to the contrary, was expressly overruled. In State v. Jones, 168 Mo. 398, Rowe's case was followed with approval, as well also as in the case of State v. McGee and McGraw, 181 Mo. 312. Again, in the recent case of State v. McCune, 209 Mo. 399, a similar verdict is held to be erroneous. We also direct attention to the suggestions made in the case last cited respecting the necessity of a clear and specific allegation of the ownership of the building charged to have been burglarized.

The judgment is reversed, and the cause remanded. All concur.