THE STATE v. ROY MEADOWS, Appellant.—55 S. W. (2d) 959.

Division Two, December 14, 1932.

534

*Harvey D. Dow* for appellant.

*Stratton Shartel,* Attorney-General, and *Don Purteet,* Assistant Attorney-General, for respondent.

FITZSIMMONS, C.—Appellant was charged by information filed in the Circuit Court of Pettis County with the crimes of burglary and larceny of personal property to the value of $275 from the dwelling house of one Margaret Mansfield. The information also invoked against appellant the habitual criminal act by alleging two prior convictions of appellant on felony charges, his imprisonment in the Missouri State Penitentiary and his discharge therefrom. Upon trial the jury returned the following verdict:

"We, the jury, find the defendant guilty of burglary and larceny and assess his punishment at ten years in the penitentiary, State of Missouri. Foreman, Joe H. Williams."

Appellant's motion for a new trial having been overruled, the court entered judgment reciting that appellant had been "found guilty of the crime of burglary and larceny, as charged in the information herein, and his punishment fixed at ten (10) years imprisonment in the penitentiary." He was sentenced accordingly. The verdict and judgment are part of the record proper which it is our duty to examine for error, whether or not any error appearing in the record proper be assigned by the appellant in his motion for a new trial or in his brief filed in this court.

■ ■ ■  Appellant does not predicate any error upon the verdict or judgment. But they are fatally defective. The verdict is general in form. It does not precisely and definitely find appellant guilty of the particular offenses with which he was charged. The assessment of one punishment comports alone with the idea and theory of one crime. And the punishment fixed is the most extreme imposed by law for the offense of burglary in the second degree. The judgment follows the verdict and repeats its errors. Section 4056, Revised Statutes 1929, 4 Annotated Statutes, page 2735, provides that if any person, in committing burglary, shall also commit a larceny, he may

be prosecuted for both offenses in the same count or in separate counts, and, on conviction of such burglary and larceny, he shall be punished by imprisonment in the penitentiary, in addition to the punishment prescribed by the burglary statute, for not less than two nor exceeding five years. This section makes an exception to the general rule that a person cannot on the same trial be convicted upon two different and distinct felonies. [State v. McHenry (Mo.), 207 S. W. 808.] But, if a defendant is found guilty of burglary and larceny the verdict should separately so find as well as fix a separate punishment for each offense. It has been held many times by this court that a general verdict on a charge of burglary and larceny under Section 4056, Revised Statutes 1929, is reversible error. [State v. Stewart, 44 S. W. (2d) 100; State v. McHenry, supra; State v. Rowe, 142 Mo. 439, 44 S. W. 266; State v. Jones, 168 Mo. l. c. 403, 68 S. W. 566; State v. Kelley, 206 Mo. 685, 105 S. W. 606, 12 Ann. Cas. 681; State v. McCune, 209 Mo. 399, 107 S. W. 1058; State v. Logan, 209 Mo. 401, 107 S. W. 1058.]

The trial court gave a burglary instruction under which the jury was authorized to find the defendant guilty of that offense and to assess his punishment at imprisonment in the penitentiary for not less than two nor more than ten years. The court also gave another and separate instruction on larceny and authorized the jury to find defendant guilty of that offense and to assess his punishment at imprisonment in the penitentiary ''for a further term of not less than two years nor more than five years.'' But the court also gave an instruction setting out the forms of verdicts. By this instruction the court directed the jury, if it should find appellant guilty of burglary and larceny, to return a verdict in a form substantially the same as the verdict which was in fact rendered. In this respect the instruction on the form of verdict was misdirection.

The errors in the verdict, judgment and instruction on forms of verdicts are prejudicial and accordingly the judgment of the trial court is reversed and the cause is remanded for a new trial. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by FITZSIMMONS, C., is adopted as the opinion of the court. All of the judges concur.