**STATE of Missouri, Respondent,**

**v.**

**Henry Edward BURSBY, and Harvey Bursby, Appellants.**

**No. 51372.**

Supreme Court of Missouri,

Division No. 1.

Nov. 8, 1965.

Norman H. Anderson, Atty. Gen., O. Hampton Stevens, Asst. Atty. Gen., Jefferson City, for respondent.

HENLEY, Judge.

This is an appeal from an order of the Circuit Court of Dade County overruling, without a hearing, defendants' joint motion to vacate judgments and sentences imposed on them on September 16, 1963. Rules 27.26 and 28.03 (references to rules are to Supreme Court Rules and V.A.M.R.).

The transcript on appeal approved by the trial judge discloses that the defendants were charged jointly in one information in three counts as follows: Count 1, with

burglary on August 21, 1963, of the Terry Town Store building owned by Lonus Speight and stealing therefrom certain goods, wares and merchandise owned by Speight; Count 2, with burglary on the same date of a tin grainery owned by Speight, located near the above-described store building, and stealing therefrom certain goods, wares and merchandise owned by Speight; Count 3, with stealing on the same date Speight's cement mixer valued at more than $50 and parked near the store building. On September 12, 1963, the date the information was filed, the defendants appeared in court without counsel and, on being informed by the court that they were charged with "a felony", that they were entitled to a trial by jury and the appointment of counsel to represent them at the trial, Henry Bursby, speaking for himself and Harvey Bursby, indicated that they were guilty and would prefer to have sentence imposed as soon as possible so they could "get to doing it." With this, Harvey Bursby agreed. They unequivocally declined the appointment of counsel. After these admissions and waiver of right to counsel, the court read the information to defendants and, accepting their pleas of guilty, deferred sentencing until September 16. On the latter date defendants again appeared without counsel and, on recommendation of counsel for the state, the court sentenced each to imprisonment in the penitentiary for a term of four years on each of the three counts of the information, the sentences to run consecutively.

On the surface it would appear from defendants' rambling disordered six-page motion that their ground for vacating their sentences is that they were denied the benefit of counsel when they entered pleas of guilty. But that is not their complaint. The fruit of sense lying beneath this over-abundance of misleading words, reached almost intuitively by defendants, is that the court and counsel for the state knowingly and in-

tentionally failed to protect their rights. Specifically: that the court countenanced and improperly accepted their plea of guilty to the charges of one information containing three counts, each count charging separate and distinct offenses for only one of which they legally could have been convicted and sentenced had they been tried under the information; that they, being illiterate, and uninformed except as to their right to counsel, waived the benefit of counsel and entered a plea of guilty to what they thought was one offense, not understanding that the consequences of their plea could or would be its acceptance as a plea of guilty to each of three separate cases for which the court could or would impose three sentences of four years each to run consecutively.

The offense of burglary charged in Count 1 and the separate offense of stealing in connection with such burglary properly may be joined in the same information in one count, or in separate counts, Rule 24.04, and on conviction of such burglary and stealing defendants "shall be punished by imprisonment in the penitentiary, in addition to the punishment herein prescribed for burglary, not less than two nor exceeding five years." Section 560.110, paragraph 1. (References to statutes are to RSMo 1959 and V.A.M.S.) The same is true as to the offenses charged in Count 2. But that is not to say that the offenses charged in Count 1 and those in Count 2 and the offense of stealing charged in Count 3 properly may be joined in one information, and defendants tried and convicted on more than one of the three counts.

The offenses of burglary, and stealing in connection with such burglary, although separate and distinct crimes,[1] may be joined in one information, and an accused may be tried and convicted of both offenses in one trial only because the rule and statute authorize and permit such as an exception to

1. State v. Barbour, 347 Mo. 1033, 151 S.W. 2d 1105, 1107 [4]; State v. Qualls, Mo., 383 S.W.2d 547, 549 [2]; State v. Meadows, 331 Mo. 533, 55 S.W.2d 959.

the general rule;[2] the general rule being that an accused may not be charged, tried[3] and convicted at the same time of two separate and distinct offenses. State v. Preslar, 316 Mo. 144, 290 S.W. 142 and cases there cited; State v. Terry, Mo., 325 S.W.2d 1, 4 [3], and cases there cited.

The offenses charged in the three counts of this information, based on which judgments were entered sentencing defendants to the penitentiary, are separate, different and distinct felonies, although the occurrences were on the same date, in the same general area, and one may have followed immediately after the other. State v. Preslar, supra; State v. Thomas, supra.

In State v. Preslar, supra, the defendant was charged in one information in four counts with four sales of "moonshine" whiskey and was convicted and sentenced on each. Before the opening statement was made by counsel for the state, counsel for defendant moved that the state be required to elect on which count the state would proceed to trial. The motion was overruled. On appeal to this court, the state contended that the point was not preserved for review because defendants' counsel not only failed to save an exception to the court's ruling, but thereafter agreed to the action of the court and thereby waived any right to require the state to elect. In reversing and remanding, this court said, at 290 S.W. 1. c. 143-144: " * * * In justice to all parties concerned, we think the matter should be disposed of as though counsel for appellant made no request of the court to require the prosecuting attorney to elect upon which of the four counts he would proceed, until the filing of the motion for a new trial, as aforesaid. On the other hand, the [trial] court ruled it was not required to order an election under the laws of this state. We hold that, under the rulings of this court, the question of election is not a mere matter of form, which may be waived, as claimed by the state, supra, but it involves a question of jurisdiction and power. This principle of law was announced with great clearness and force by Judge Gantt in the leading case of State v. Carragin, 210 Mo. [351] loc. cit. 371, 109 S.W. [553] 558, (16 L.R.A. [N.S.] 561) where he said: 'In instructing the jury that they might find the defendant guilty under both counts, and in refusing to require the prosecuting attorney to elect after all the evidence was in, the court committed reversible error. We know of no case under our practice in which an accused may be tried and convicted of two distinct felonies except in the case of burglary and larceny, which is expressly allowed by statute.'

"The law, as above written, is fully sustained by other decisions of this court, as follows: State v. Guye, 299 Mo. [348] loc. cit. 366, 252 S.W. 955; State v. Link [315 Mo. 192], 286 S.W. 12 et seq.

"We have no hesitation in holding that, on the record before us, the judgment of conviction in which defendant has been sentenced to the penitentiary for 8 years on four separate and distinct felonies, set out in four separate counts of the information, cannot stand the test of judicial criticism, under the laws of this state. We are of the opinion that it was the absolute duty of the trial court in this case, whether requested or not, to have directed the prosecuting attorney, before submitting the case to the jury, to elect on which of the four counts in the information he would proceed to trial and to strike out the remainder. In addition to foregoing, as a part of the state's case, whether requested or not, it was the imperative duty of the court to instruct the jury that they could not find the defendant guilty except on the single count submitted

2. State v. McHenry, Mo., 207 S.W. 808, 809 [2]; State v. Thomas, Mo., 360 S.W. 2d 694, 698 [2]; State v. Meadows, supra.

3. For other instances where an accused may be charged in more than one count

in the same information and tried on all, see: State v. Brown, 317 Mo. 361, 296 S.W. 125, 127 [4] and cases therein cited; State v. Thomas, Mo., 360 S.W. 2d 694, 698 [3].

for their consideration. State v. Burrell, 298 Mo. [672] loc. cit. 678, 679, 252 S.W. 709, and cases cited."

In State v. Terry, Mo., 325 S.W.2d 1, 4 [3], a more recent case, the defendant was charged in two counts of one information with (1) breaking and entering a dwelling with intent to commit the felony of rape and (2) forcible rape, two separate and distinct offenses. He was tried and convicted of both felonies at the same time, and sentenced to imprisonment for five years on each. The information was not attacked either prior to, during, or after trial, nor was there a motion to require the state to elect prior to submission. The court held that the joinder of these distinct felonies did not render the information bad as a matter of law and that any question as to the validity of the information because of the misjoinder was waived by failure to raise that question. The court was more particularly concerned with the conviction of two distinct felonies in the same trial. The conviction was affirmed, the rationale of the opinion being: " * * * inasmuch as there is no express prohibition against the conviction of a defendant of two distinct felonies at the same trial, and inasmuch as there appears to be no reason for the established rule in Missouri which should prevent a waiver of that rule, and inasmuch, as heretofore noted, an information or indictment in which are joined two distinct felonies is not bad as a matter of law, we are of the view that a defendant's failure to assign as error in his motion for new trial the action or inaction of the trial court which resulted in his conviction of two distinct felonies at the same trial, effects a waiver of his right to rely on the rule in question. In other words, if a defendant *prefers* that two distinct felonies with which he is to be charged be joined in one information, and if he *prefers* that he be tried on both those charges at one and the same trial, we perceive no reason why he may not so elect. We hold, therefore, that a defendant's failure to raise any question in his motion for new

trial about the fact that or the procedure whereby he was convicted of two distinct felonies at the same trial and separately sentenced for each, should have the same effect as though defendant had specifically elected to be tried on both felonies at the same time." It will be noted that the opinion is based on an assumed *preference* and *election* by the defendant.

The question here is whether the defendants had that knowledge and understanding of the consequences of their plea essential to a valid plea of guilty. Our Rule 25.04 provides: " * * * The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge. * * *" In State v. Williams, Mo., 361 S.W.2d 772, 775 [3], quoting with approval from an earlier case, the court said: " 'The guiding rules are that a plea of guilty is but a confession in open court. Like a confession out of court it should be received with caution. It should never be received unless it is freely and voluntarily made. * * *'" See also: State v. Blaylock, Mo., 394 S.W.2d 364, (opinion filed October 11, 1965). And where, as here, an accused, without counsel, is charged in three counts of an information with separate, distinct felonies, for those charges in only one count of which he may be convicted and sentenced in the same trial, the court need be particularly cautious.

Under these circumstances, the court should question carefully the accused to determine that he is fully informed and correctly understands (1) that he is not charged with only one offense, but that he is charged with more than one, and, (2) that he may and will be sentenced on each and all and the minimum and maximum punishment for each, and that the sentences may run concurrently or consecutively. A perfunctory examination will not suffice. We do not mean to say that the court, in this examination need inform the accused the term of each sentence that will be imposed, State

v. Williams, supra, nor whether the terms will run concurrently or consecutively. Under these circumstances, it should appear affirmatively from the record that the accused preferred and specifically elected to be so charged and sentenced. Otherwise, the court should not accept accused's plea of guilty, except to that for which he properly might be convicted in one trial.

This record discloses that the court informed defendants that they "are charged here with a felony", that they had "a right to have a lawyer" and "a right to have a trial by jury"; that the court offered to appoint an attorney to represent them; that the defendants indicated that they were guilty of "the charge" and did not want the court to appoint counsel to represent them. Up to this point there had been no mention of what the charge or charges were, except that the court had said that it was *a felony.* However, it certainly may be assumed defendants knew of what acts they were guilty, but not necessarily that they knew that this constituted more than one felony or that there was more than one charge of felony against them. After the court read the information to defendants, this colloquy occurred between the court, counsel for the state, and defendants:

"MR. HENRY BURSBY: Hey, could I ask a question?

THE COURT: Yes, sir.

MR. HENRY BURSBY: How many cases or what have they got me filed on?

THE COURT: You are charged in one charge, one information, with three counts. In other words, it is three crimes in three different counts.

MR. HENRY BURSBY: I've got one charge on me, is that right?

THE COURT: There is one Information in three counts.

MR. HARVEY BURSBY: They run together don't they, Judge?

THE COURT: Of course you could be found guilty on any one of the counts and, of course, a sentence assessed on each one of the counts which might or might not run consecutively or concurrently depending upon what the Court wants to do and what the Prosecuting Attorney recommends and the Court follows:

MR. HENRY BURSBY: What do you recommend?

MR. COLLEY: We haven't reached that stage yet.

THE COURT: I want to ask you again now—you know what you are charged with?

MR. HENRY BURSBY: That's second degree burglary?

THE COURT: The first two are burglary—

MR. COLLEY: It is second degree.

THE COURT: And stealing.

MR. COLLEY: The first two are burglary in the second degree and it don't make any difference what you steal but if you go in by burglary, why, it is a felony. So then the third count down there is stealing something over $50.00 which is actually grand stealing now.

THE COURT: Now do you fellows know what you are charged with?

MR. HENRY BURSBY: Yes.

MR. HARVEY BURSBY: Yes.

THE COURT: What is your plea to that charge?

MR. HARVEY BURSBY: I'm guilty.

MR. HENRY BURSBY: I'm guilty."

The record next discloses that the court accepted their respective pleas and deferred sentencing until the following Monday.

On the latter date this, among other things, occurred:

> "THE COURT: Harvey, upon examination of your criminal record here and on the recommendation of the prosecuting attorney I am going to assess your punishment on Count 1 of the information to four years in the penitentiary. On Count 2 of the Information, four years in the penitentiary, and, on Count 3 of the Information, four years in the penitentiary, such sentences to run consecutively.

> MR. HENRY BURSBY: Your Honor, what do you mean by that?

> THE COURT: I mean that these sentences are hooped onto one another so that the net effect is that you will be receiving twelve years in the penitentiary. Henry Bursby, I will assess your punishment at four years on Count 1 of the Information; four years on Count 2 and four years on Count 3 of the Information, to run consecutively."

Immediately after this, Henry Bursby made an impassioned but unavailing plea to the court for mercy and reconsideration of the sentence.

■ Nowhere in this record does it appear clearly that defendants actually entered a plea of guilty to each of the three counts. To consider that they had so pleaded, the court had to assume that defendants understood the limited and partly technical information given them by the court and counsel. Nowhere in this record does it appear clearly that defendants understood that they were charged with more than one crime. The record indicates that they did not so understand. While we do not believe that the court or counsel intentionally misled defendants, we do conclude that the record is not sufficient to show that defendants had such knowledge and understanding of the consequences of their plea as is essential to valid pleas of guilty. Certainly we cannot say that defendants had that knowledge and understanding that would permit them intelligently to *prefer* and *elect* to be sentenced on all three counts.

■ There is another reason why the order denying the motion to vacate should not be permitted to stand, although the point is not raised directly in defendants' motion. Regardless of whether the point is made, the judgments herein referred to are a part of the record and we may, on a motion to vacate, examine them for any fatal defects. State v. Campbell, Mo., 307 S.W.2d 486, 489–490 [1, 2]. The sentence on Count 1 (burglary and stealing) does not fix a separate term of imprisonment for each of those offenses as is required by § 560.110. The sentence on Count 2 is the same. We cannot determine from the sentence whether the term of imprisonment is four years on burglary and none on stealing or four years on stealing and none on burglary, or whether the court intended from these words of its judgment, " * * * Bursby upon his plea of guilty to Count 1 of Information sentenced to the State Department of Corrections, Jefferson City, Mo., for a term of (4) four years", to impose a term of two years for each offense for an aggregate term of four. If the court intended the latter, the two terms would run concurrently unless the court stated of record at the time of sentencing that they run consecutively.

■ The judgments entered on Counts 1 and 2 are fatally defective because they fail to assess separate punishments for each offense in each count. If this case were in this court for review on appeal, it would have been imperative that we reverse and remand it for a new trial for the reason indicated. State v. Meadows, 331 Mo. 533, 55 S.W.2d 959 [2, 3]; State ex rel. Dalton v. Blair, 365 Mo. 1167, 294 S.W.2d 1, 3 [1].

For the reasons hereinabove discussed, the order overruling the motion to vacate is reversed and the cause remanded.

All concur.