**STATE of Missouri, Respondent,**

v.

**Harold FRIEDMAN, Appellant.**

No. 51954.

Supreme Court of Missouri,
Division No. 2.

Feb. 13, 1967.

Motion for Rehearing or to Transfer to
Court En Banc Denied
March 13, 1967.

Lester W. Duggan, Jr., Florissant, for appellant.

Norman H. Anderson, Atty. Gen., Jefferson City, Claude W. McElwee, Jr., Sp. Asst. Atty. Gen., St. Louis, for respondent.

PRITCHARD, Commissioner.

Defendant was convicted by the verdict of a jury and the judgment of the court of a violation of § 301.400, RSMo 1959, V.A.M.S., which provides:

"Any person who removes, covers, alters or defaces, or causes to be destroyed, removed, covered, altered or defaced, the manufacturer's number, the motor number or other distinguishing number on any motor vehicle, or number or other distinguishing number on any motor vehicle tire, the property of another, for any reason, shall be deemed guilty of a felony * * *."

Defendant attacks the indictment of the grand jury, the sufficiency of the evidence for a conviction, the verdict, and the judgment, allocution and sentence.

Defendant appeared in person and by counsel at the trial. The following evidence was adduced:

Donald Redford owned a 1963 Chevrolet Impala on March 23, 1964, which was equipped with a 4-speed manual transmission. That evening he parked it in front of his home at 4220 Linton Street, St. Louis, Missouri. The next morning the car was gone. Redford saw it next the following evening at Swanson's garage on St. Charles Rock Road. The car had been stripped of the carburetor, the alternator, battery, radio, spare tire and the 4-speed transmission. The manufacturer's serial number on the car was 31847, S–176556. Redford had purchased the car used from an individual, at which time he checked the serial number on the door but did not check the other number.

Robert Edward Kunz, an auto body repairman, owned a 1957 Chevrolet in which he had installed a 4-speed transmission which he purchased used on April 2, 1964, from Dixie Auto Parts on Lucas and Hunt Road. He there first dealt with a man named "John," whom he paid a $5.00 deposit and received a receipt marked "balance of $171.60." Kunz told John the first four digits of the number on the transmission which the latter marked down on the top of the receipt. The next day Kunz returned to the auto parts store and talked with defendant, whom he identified at the trial, and completed the purchase of the transmission. He paid part in cash and part by check, the payment on which was

stopped at his bank. The numbers on the transmission were still there. Defendant gave Kunz a receipt, and Kunz started to mark the number on it and defendant told him it was not necessary. Defendant said he had to have a number for his own records and taking a set of heavy dies he put the numbers 1, 2, 3, 4 over the top of the other numbers. The transmission in evidence (State's Exhibit 3) shows these numbers superimposed. Kunz drove his car with the transmission in it for about five days when Sergeant Robert H. Mudd and two other men (one from the National Automobile Theft Bureau) examined the transmission. Kunz later removed the transmission and took it out to Troop C of the Missouri State Highway Patrol where he gave it to a Sergeant Maxey.

Walter D. Ryan, a State Highway Patrolman, recovered the abandoned and stripped car of Redford, at which time he took down the serial number S 176556 from the left side of the frame.

Sergeant Mudd examined the portion of the transmission on Kunz' car. He was able to read "S" (which means St. Louis production), a first digit "1" and three ending digits "556," and a part of a second number which appeared to a "7." The dies which were seized from Dixie Auto Parts were by him placed over the numbers 1, 2, 3, 4, which were larger than and which partly obliterated the factory installed number below. Raymond Dreher, Sergeant of the Missouri State Highway Patrol, also examined the transmission and took scotch tape "lifts" of the numbers 1, 2, 3, 4. Dreher saw other numbers on the tape which had been stamped over—an "S," then a space, and the numbers "556."

Robert Sattler, a special agent of the National Automobile Theft Bureau, also inspected the rear collar of the transmission on Kunz' automobile where he saw 3/8 inch numbers 1, 2, 3, 4 stamped and under those numbers "S, 1" and "556," with some numbers in the middle which he could not read.

Dale Johnson was the superintendent of inspection at the Chevrolet plant of General Motors Corporation in St. Louis. It was his responsibility to make sure that numbers were placed on engines and transmissions when required by their specifications. He testified that each vehicle is identified with a serial number which indicates: the model; the year the car was built; body style; where it was built; and a vehicle identification number which shows the total vehicles built at a given location, beginning with the number 100,001. "S" is on a vehicle built in St. Louis. "Any vehicle that is equipped with a 4-speed transmission has an 'S' with the last six digits or the six digits of the serial number stamped adjacent to the manufacturer's number" placed on the transmission where the engine is 300 h. p. or in excess of that. He checked Chevrolet's records for No. 31847 S 176556. The first digit, 3, is a 1963 model; 1847 indicates the body style, a 2-door super sport or sport coupe; "S" indicates it was built in St. Louis; and 176556 indicates it was the 76,556th unit to come off the line in that model year. If the unit was equipped with a 4-speed transmission it (the number) would be stamped on the transmission and also on the engine if the latter were 300 h. p. or in excess. The entire number would also be embossed on a plate and affixed to the hinge pillar on the left-hand side. On checking, he found that the instant car was equipped with an RPOL–74 engine which is a 300 h. p., 327 cubic inch V–8, and an RPOM–20 which is a 4-speed transmission. Therefore the unit would have had the number on the hinge pillar, engine and transmission.

■ Defendant did not file his motion for new trial on time. Although he alleges in his brief that he filed a request for thirty days' additional time, forty days in all, to file such motion, the transcript does not reflect this. The date of the jury's verdict was May 26, 1965, and forty days would have elapsed on July 5, 1965. The motion was filed July 7, 1965, two days late even if the request for additional time was

granted. While we do not ordinarily consider the sufficiency of evidence in these circumstances, we note in passing that the evidence quite clearly shows that defendant did alter the number on the transmission in Kunz' presence by use of the heavy dies. Defendant's first point is that the court erred in failing to sustain his Motion to Dismiss directed at the indictment because it "did not state facts sufficient to constitute any offense against the State of Missouri and more particularly, failed to state facts constituting an offense prohibited by Section 301.400 of the Revised Statutes of Missouri." The sufficiency of the indictment is one of the matters we are required to examine under Criminal Rule 28.02, V.A. M.R.

The argument of defendant directed at the indictment is that § 301.010, RSMo 1959, V.A.M.S., does not define a manufacturer's number, but only a "manufacturer" ("any person, firm, corporation or association engaged in the business of manufacturing or assembling motor vehicles for sale"). Neither does the chapter, says defendant, specify where such number should be placed on a motor vehicle. Therefore, he says further, the statute under which he is charged should be read and interpreted in the light of its ordinary meaning and common understanding. This, as we understand, defendant means that the ordinary manufacturer's number is the one usually referred to by the public—on the door or hinge post of the left side of the vehicle or on the engine, and not on any other place. Cited is the case of Commonwealth v. Unkrich, 142 Pa.Super. 591, 16 A. 2d 737. There the defendant was charged with possessing an automobile upon which a certain manufacturer's engine number had been omitted, obliterated, and defaced. The evidence showed that two of the automobiles in the possession of defendant, a dealer, had been stolen, and these and other cars involved in the case had the secret number (cut on the metal frame underneath the right rear mudguard, and corresponding to the serial number appearing on the door frame) defaced. Each car also had engine numbers and manufacturer's serial numbers different than originally assigned to the car. There was no evidence that defendant stole the cars, nor that he defaced the numbers. The statutes there made it a misdemeanor to possess a motor vehicle on which the manufacturer's serial number had been omitted, obliterated, or defaced, and a felony to sell such motor vehicle with knowledge of the destruction, removal, covering, alteration or defacement of the engine number or manufacturer's serial number. The judgment of conviction was reversed because the commonwealth failed to prove that defendant had knowledge of the number defaced, and the trial court charged the jury that it was not necessary for a conviction to prove such knowledge. The Unkrich case is clearly distinguishable because our statute covers the affirmative act of defacing a motor number *or other distinguishing number* on any motor vehicle. The evidence here shows that defendant did just that in the presence of Kunz, and the indictment alleges that defendant "did then and there wilfully, unlawfully and feloniously alter and deface the manufacturer's number on the transmission of a 1963 Chevrolet automobile, the property of Donald Redford, without the consent of the said Donald Redford; contrary to Section 301.400, Revised Statutes of Missouri, * * *." The statute does refer to distinguishing numbers other than the commonly known engine numbers and door plate numbers. The number on the transmission here is without doubt a distinguishing number of the manufacturer. No statutory definition was necessary on this established fact. The statute is clearly intended to prevent traffic in these parts of automobiles which are subject to theft and transfer of stolen goods. The defendant's contention that the indictment did not allege a criminal intent is erroneous—the words above show such intent, that he did *wilfully, unlawfully and feloniously* alter and deface the manufacturer's number. The indictment fully informed

defendant of the charge, the statutory violation, against him.

The verdict here finding the "defendant guilty of Altering and Defacing Manufacturer's Number on Automobile Transmission, as charged in the Indictment, and assess his punishment at 3 yrs. (three)," is responsive to the indictment and is within the permissible limits of punishment under said § 301.400, supra. Although the trial court held the motion for new trial (not timely filed on July 7, 1965) until January 7, 1966, when it was denied, the record shows that on that date defendant was present with his then counsel, William J. Hough, was informed of the jury's verdict, allocution was granted, and in accordance with the verdict was sentenced to three years' custody in the Department of Corrections. All the requirements of Criminal Rule 28.02, V.A.M.R., were complied with by the trial court. Although the delay in sentencing after verdict was not explained, we fail to see any prejudice to defendant resulting therefrom. We do not consider any other matters in the motion for new trial because those issues (pertaining to voir dire examination, admissibility of evidence, and the giving and refusal of instructions to the jury, and argument of counsel) are not properly preserved for review. State v. Hamilton, Mo., 391 S.W.2d 872. We have examined the allegations in the motion for new trial and have determined that no plain error under Criminal Rule 27.20 (c), V.A.M.R., affecting defendant's substantial rights took place.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.