**STATE of Missouri, Respondent,**

v.

**Harold FRIEDMAN, Appellant.**

No. 53296.

Supreme Court of Missouri,
Division No. 2.

July 8, 1968.

Motion for Rehearing or to Transfer to
Court En Banc Denied Sept. 9, 1968.

Norman H. Anderson, Atty. Gen., Gary G. Sprick, Asst. Atty. Gen., Jefferson City, for respondent.

Louis Gilden, St. Louis, for appellant.

BARRETT, Commissioner.

A jury in St. Louis County found Harold Friedman guilty of altering or defacing the manufacturer's number on an automobile transmission from a 1963 Chevrolet Impala and fixed his punishment at three years' imprisonment. His conviction was appealed and affirmed by this court after the denial of a motion for rehearing or transfer to the court en banc on March 13, 1967. State v. Friedman, Mo., 412 S.W.2d 171. On June 23, 1967, represented by counsel, Friedman instituted this proceeding which he denominates a "Motion for release under Rule 27.26 [V.A.M.R.]." He was given a patient and careful hearing on the motion, at the conclusion, on July 21, 1967, there was a "court memorandum" or judgment and thereafter, July 26, 1967, an exhaustive finding of fact and conclusion of law upon the numerous issues urged. The court found the issues against Friedman, there was an eleven-page motion for new trial, the motion was overruled and he has again perfected an appeal to this court.

While his 27.26 proceeding was presented and heard in great detail and while his motion for new trial as well as his brief and argument here are all many faceted

it is not necessary to encumber this opinion with a recitation of the numerous claims and points. All his claims relate to a single problem or question. The record in his original trial and appeal recited that after the jury verdict and after his motion for a new trial had been overruled on January 7, 1966, Friedman "appeared in person" together with his attorney, that he was informed of the verdict, *"Allocution granted,"* and thereafter, in accordance with the verdict he was sentenced to three years' imprisonment. In this 27.26 proceeding he denies that he was "personally present when sentence and judgment (were) pronounced," although he remembers the court's polling of the jury, and he denies that he was granted allocution under Criminal Rules 27.08 and 27.09. There are numerous collateral points and matters but all are based on the fact, assumed for the purposes of this opinion, that upon his original trial allocution was not accorded and, therefore, he asserts in his motion and in his brief here, there were "grave procedural and substantive errors" entitling him to "his *release.*"

■■ The appellant's entire proceeding and brief here is based upon one or more misconceptions of allocution, its purpose and the effect of a court's failure to precisely follow and apply the rules, 27.08 or 27.09. It is only necessary to make these brief observations: The error, if any, in not according allocution occurs after trial and affects only the sentence, not the trial: "The failure of the record to show a proper allocution is an error occurring after the verdict, and does not affect the regularity of the proceedings before judgment, and therefore does not entitle the defendant to a reversal of the judgment and a new trial." State v. Kile, 231 Mo. 59, 64, 132 S.W. 230, 232. So too of the claimed error or erroneous record recital of assessing punishment in the absence of the defendant: "However this error does not require a new trial, but only that defendant be sentenced according to law." State v.

Taylor, Mo.App., 200 S.W.2d 538, 539. And, second as to allocution, "it appears to be well settled now in all jurisdictions that even where the allocution has been omitted, the only relief granted is to afford an opportunity therefor on resentencing, rather than to order a new trial on all issues." Annotation 96 A.L.R.2d 1292, 1295, 1305, 1337; State v. Grant, Mo., 380 S.W.2d 799. The federal rule, 32(a), has been revised and stated in modern language but the purpose of allocution under the federal as well as the state rule is "that the defendant be personally afforded the opportunity to speak before imposition of sentence. * * * the rule explicitly affords the defendant two rights: 'to make a statement in his own behalf' and 'to present any information in mitigation of punishment.' " But under the federal rule the only relief for failure to accord allocution is a remand for resentence after compliance with the rule. Green v. United States, 365 U.S. 301, 304, 311, 81 S.Ct. 653, 655, 5 L.Ed.2d 670, 673, 677.

■ In the immediate proceeding in his hearing upon this 27.26 motion, the court repeatedly inquired of the defendant "Is there any lawful reason why sentence should not be pronounced at this time?" At another point state's counsel moved "for allocution to be granted to defendant and for him to be sentenced in accordance with the jury verdict of May 26, 1965." Again, after engaging in a lengthy colloquy with defendant's counsel as to the meaning and purpose of "allocution" which Friedman defined as "It is an opportunity to speak," the court said, "So, again is there any lawful reason, other than what you have just raised, as to why judgment in accordance with the jury verdict and sentence should not be pronounced?" In each of these instances the appellant Friedman remained silent or refused to respond and each time his lawyer objected: "I want to object at this time. * * * I would not be in a position to get to that point as yet. I may have some more evidence

before we come to any conclusions." Then counsel would say that if the court accorded allocution the defendant was "entitled to present a new motion for new trial based upon the sentence and allocution that would conceivably take place today." In response to the request of state's counsel defendant's counsel objected to "allocution at this time" on the ground of "(h)is procedural due process," that he had theretofore been placed in custody under an erroneous sentence and had been illegally confined. In the end the trial court reviewed the whole proceeding and concluded "again I am asking if there is any lawful reason why—let the record show this is the third or fourth time I have asked it—sentence should not be pronounced and allocution granted." The court thereupon went through the formality of allocution and again sentenced appellant in accordance with the jury's verdict to three years' imprisonment. The fact is recited in the court's memorandum and judgment "the Court grants allocution to the defendant whether or not the same allocution was heretofore granted by the Court." The subject was fully covered in the court's findings of fact and conclusions of law, in part "the Court in the interest of justice will presume that allocution was not granted and as will be borne out by the transcript of this hearing on supplemental petition under Rule 27.26, petitioner Harold Friedman was granted allocution on 21 July 1967 at the conclusion of the hearing on his motion and was again advised of the jury verdict." And accordingly the court entered judgment that Friedman had no grounds for relief under Rule 27.26 and, nevertheless, grants "allocution" and enters "judgment."

In these circumstances neither Friedman nor his counsel responding or offering any reasons "whether he has any legal cause to show why judgment and sentence should not be pronounced against him; and (if) no such sufficient cause (be) shown" (Criminal Rule 27.09), the appellant has now been accorded the only relief possible and accordingly the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.