**STATE of Missouri, Plaintiff-Respondent,**

v.

**Donald Ray MYERS, Defendant-Appellant.**

No. 9060.

Springfield Court of Appeals, Missouri.

May 5, 1971.

H. Dean Whipple, Lebanon, for plaintiff-respondent.

Orville C. Winchell, Lebanon, for defend-ant-appellant.

TITUS, Presiding Judge.

By information filed in the Circuit Court of Laclede County, defendant was charged with the second offense misdemeanor of operating a motor vehicle while in an intoxicated condition. § 564.440(2) RSMo 1969, V.A.M.S. Upon the assumption that it was for the trial court to assess the punishment if the jury returned a verdict of guilty, the jurors were instructed "that the only issue * * * which you will determine by your verdict is whether or not the defendant * * * is guilty or not guilty." The jury returned a verdict of guilty on May 5, 1970, and immediately thereafter the court assessed "the defendant's punishment at confinement in the Laclede County jail for a term of four months." Within the time allowed by the court for filing a motion for a new trial [Crim.Rule 27.20(a), V.A.M.R.], the defendant filed such a motion on May 20, 1970. The motion was overruled August 14, 1970, and three days later on August 17, 1970, defendant filed his notice of appeal to this court.

The transcript on appeal does not reveal that defendant was ever afforded allocution or that judgment and sentence were entered and pronounced after the motion for new trial was overruled. Crim. Rule 27.09, V.A.M.R. Therefore, from the record before us, we have no jurisdiction to entertain this appeal because no final judgment was rendered against the defendant and there is nothing from which an appeal can be taken. The appeal is dismissed as premature and the cause is remanded for entry of a final judgment as outlined in State v. Chase, Mo., 415 S.W.2d 731, 732(1–3). Provided all proper steps are taken after remand, the defendant may then appeal. State v. Bond, Mo.App., 447 S.W.2d 804; State v. Absher, Mo.App., 439 S.W.2d 11, 12.

It is so ordered.

STONE and HOGAN, JJ., concur.