STATE of Missouri, Plaintiff-Respondent,

v.

Forest J. GILBERT, Defendant-Appellant.

No. 9179.

Springfield Court of Appeals, Missouri.

Oct. 28, 1971.

Samuel J. Short, Jr., Pros. Atty., Stockton, for plaintiff-respondent.

John M. Belisle, Osceola, for defendant-appellant.

PER CURIAM:

Defendant was charged in the Magistrate Court of Cedar County, via a Uniform Traffic Ticket, with "Intoxicated Driving 2nd offence [sic]." Upon the filing of defendant's affidavit for a change of venue, the cause was certified to the

circuit court (§§ 517.520 and 543.160) [1] and there tried to the court without a jury on June 4, 1971. Although no evidence was offered on the subject of a prior conviction and no finding thereof was made (§ 564.440), immediately following the conclusion of the testimony the court declared: "It will be the judgment of the Court that the defendant be found guilty *as charged* [2] [and] that he be sentenced to six months in the county jail. * * * Defendant granted thirty days to file Motion for New Trial." Albeit defendant filed such a motion on June 18, 1971, which the transcript says was "not ruled upon with [sic] 90 days" [Crim.Rule 27.20(b)], the "Certified Copy of Sentence and Judgment" appearing in the record reads, in part, as follows: "Now on the 4th day of June, 1971, * * * the Court returns into open court the following verdict, [which] finds the defendant guilty *as charged* and assesses his punishment at Six [6] months in the county jail. * * * WHEREFORE, on the 4th day of June, 1971, it is by the court considered ordered, adjudged and decreed that the said Defendant shall be confined * * * to serve said sentence * * * for a period of six months to commence on the 4th day of June, 1971." Defendant's notice of appeal is "from the judgment of conviction entered * * * on the 4th day of June, 1971."

This represents another case where this court is without jurisdiction to pass upon the merits of the matter upon appeal. Crim. Rule 27.20(a) requires that the motion for new trial *"shall* be filed before judgment." The purported judgment entered and appealed from was entered before the filing and ruling of defendant's motion "and therefore was not a sentence or final judgment from which an appeal can be taken." State v. Ezell, Mo.App.,

470 S.W.2d 162, 163(1). [3] Accordingly, the appeal is dismissed and the cause remanded for further proceedings consistent with the authorities herein cited.

All concur.

---

1. References to statutes and rules are to RSMo 1969, V.A.M.S., and Missouri Supreme Court Rules of Criminal Procedure, V.A.M.R.

2. All emphasis herein is ours.

3. See also State v. Grimes, Mo.App., 470 S.W.2d 4; State v. Hendel, Mo.App., 468 S.W.2d 664, 665(1); State v. Myers, Mo.App., 467 S.W.2d 577; State v. Bond, Mo.App., 447 S.W.2d 804; State v. Absher, Mo.App., 439 S.W.2d 11.