**STATE of Missouri, Plaintiff-Respondent,**

v.

**Roger STANLEY, Defendant-Appellant.**

No. 9136.

Springfield Court of Appeals,
Missouri.

Nov. 9, 1971.

Clinton D. Summers, Prosecuting Atty.,
Poplar Bluff, for plaintiff-respondent.

Ted M. Henson, Jr., Poplar Bluff, for
defendant-appellant.

PER CURIAM:

The pertinent facts herein are stated
chronologically:

*February 6, 1971*—A jury returned a verdict to the Circuit Court of Butler County
finding defendant guilty of willfully injuring the personal property of another and
assessed "his punishment at One Hundred
Dollars and one year in jail." § 560.405.[1]

*February 16, 1971*—Defendant timely filed his motion for a new trial. Crim.Rule
27.20(a).

*May 11, 1971*—The motion for a new
trial was overruled.

*May 14, 1971*—Defendant filed his notice
of appeal.

Defendant, as far as the transcript on
appeal reveals, never appeared after the
motion for new trial was overruled for
judgment and sentencing. The record does
not disclose that defendant was ever afforded allocution or that the court rendered "the proper judgment and pronounce[d]
sentence thereon." Crim.Rule 27.09. Consequently, we have no jurisdiction to entertain the appeal. No final judgment was
rendered against defendant and there is,
therefore, nothing from which an appeal
can be taken. State v. Chase, Mo., 415 S.
W.2d 731, 732 (1–3). Being premature, the
appeal is ordered dismissed and the cause
remanded. Conditioned upon the performance of proper procedures after remand,
the defendant may then appeal. State v.
Myers, Mo.App., 467 S.W.2d 577, and cases
there cited.

All concur.

1. Statutory and rule references are to
RSMo 1969, V.A.M.S., and Missouri

Supreme Court Rules of Criminal Procedure, V.A.M.R.