**618**

STATE of Missouri, Plaintiff-Respondent,

v.

Weldon C. ROBBINS, Defendant-Appellant.

No. 9148.

Missouri Court of Appeals,
Springfield District.

June 8, 1972.

Michael Lorch, Pros. Atty., and William H. Pennington, Asst. Pros. Atty., Piedmont, for plaintiff-respondent.

Joseph Howlett, Shaw & Howlett, Clayton, for defendant-appellant.

PER CURIAM:

Deja vu.

Defendant was charged with the second offense of driving a motor vehicle while intoxicated. § 564.440 RSMo 1969, V.A.M.S. The jury returned a verdict April 9, 1971, finding defendant guilty and assessed his punishment at 15 days in the county jail. A motion for new trial was filed April 21, 1971, and the transcript on appeal contains the following unlabeled notation: "June 7, 1971. Hearing held on Defendant's Motion for New Trial and the same is overruled. Defendant formally sentenced to fifteen days in County Jail. Notice of Appeal filed."

The record does not disclose that defendant was ever afforded allocution or that the court rendered "the proper judgment and pronounce[d] sentence thereon." Crim.Rule 27.09, V.A.M.R. As no final judgment was rendered against defendant, there is nothing from which an appeal can be taken. State v. Chase, Mo., 415 S.W.2d 731, 732(1–3). The appeal is premature and is, therefore, ordered dismissed and the cause is remanded to the circuit court from whence it came. Provided proper procedures are performed after remand, defendant may then appeal. State v. Stanley, Mo.App., 473 S.W.2d 805; State v. Gilbert, Mo.App., 472 S.W.2d 877–878, and the many cases therein cited.

All concur.