**STATE of Missouri, Respondent,**

v.

**J. R. RIPPEE, Appellant.**

**No. 9496.**

Missouri Court of Appeals,
Springfield District.

May 9, 1973.

---

was afforded allocution vel non, i. e., the opportunity to state "whether he has any legal cause to show why judgment and sentence should not be pronounced against him," is not demonstrated by the record. In any event, the record (which is all we have to go by) attests that the appeal herein is premature. Ergo, the appeal is dismissed and the cause is remanded to the court nisi. Provided proper procedures are performed after remand, defendant may again appeal. State v. Robbins, 481 S.W. 2d 618 (Mo.App.1972) and cases there cited; cf. State v. Friedman, 431 S.W.2d 72, 73[1, 2] (Mo.1968).

All concur.

John C. Danforth, Atty. Gen., Jefferson City, for respondent.

Ronald L. Little, Keathley & Little, Poplar Bluff, for appellant.

## PER CURIAM:

The transcript on appeal shows the following:

*December 26, 1972*—The jury returned a verdict finding defendant guilty of burglary in the second degree but were unable to "agree upon punishment." The court [to the defendant]: ". . . [I]n accordance with the verdict of guilty, it is the order and sentence of this Court that punishment is assessed at four (4) years in the Missouri Department of Corrections. You may be seated. . . . Defendant granted fifteen days to file motion for new trial."

*February 9, 1973*—Defendant's motion for new trial (filed January 10, 1973) was overruled, whereupon "the Court made the following order: 'It is the order and judgment that defendant is sentenced to four years and order committed to the Missouri Department of Corrections at Jefferson City. . . .' ".

Whether defendant, as required by Rule 27.08, V.A.M.R., was personally present on February 9, 1973, when sentence and judgment were pronounced (if indeed they were pronounced), is left for us to ponder. If defendant, as required by Rule 27.09,