STATE of Missouri, Respondent,

v.

Marion Pearl SPEAR, Appellant.

No. KCD 26532.

Missouri Court of Appeals, Kansas City District.

Dec. 3, 1973.

John J. Phillips, Phillips, Rice & McElligott, Independence, for appellant.

Before DIXON, C. J., and PRITCHARD and SOMERVILLE, JJ.

PER CURIAM:

Defendant was charged with speeding, and after conviction in the Magistrate Court, appealed to the circuit court. On December 18, a jury having been waived, the court heard evidence. At the conclusion of the evidence, the following statement appears:

"The Court believes the State has sustained the burden of proof beyond a reasonable doubt that the defendant did exceed the speed limit of 70 miles an hour. The Court will fix the fine of the defendant at $10.00 and costs. That will be the judgment of the Court."

Three days later, defendant filed a notice of appeal.

We are again confronted with a record which requires that we dismiss an appeal because no final judgment has been entered. It has been repeatedly held that a trial court sitting as a jury and rendering a verdict or upon a jury verdict may not impose sentence and judgment until the time for the filing of a motion for new trial has expired. State v. Grant, 380 S. W.2d 799, 803[4] (Mo.1964); State v. Summers, 477 S.W.2d 721, 722 (Mo.App. 1972); State v. Jaeger, 394 S.W.2d 347, 354 (Mo.1965); State v. Nichols, 474 S. W.2d 54, 55 (Mo.App.1971); State v. Myers, 467 S.W.2d 577 (Mo.App.1971).

In this case, it appears that no motion for new trial was ever filed. We note nonetheless that the language of the court set forth above is prospective "it will be the judgment." Likewise, there is no formal verdict of guilty, although the court indicated such would be his finding. Thus, this case is like State v. Ezell, 470 S.W.2d 162, 163 (Mo.App.1971), and the defendant's right to file a motion for new trial

and reinstate his appeal would be in question if a verdict had, in fact, been rendered. Rule 27.20, V.A.M.R. We shall, therefore, as was done in that case, set aside the submission, dismiss the appeal and remand the cause to the trial court with directions to enter a verdict, receive and rule upon a motion for new trial, if any be filed, and make an entry of final judgment in accordance with Rule 27.20.