STATE of Missouri, Plaintiff-Respondent,

v.

Charles Leon HOPKINS,
Defendant-Appellant.

No. 10276.

Missouri Court of Appeals,
Springfield District.

May 3, 1977.

---

948

John C. Danforth, Atty. Gen., William F. Arnet, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

John S. Pratt, Springfield, for defendant-appellant.

PER CURIAM.

The trial court granted defendant's motion for a new trial after he had been jury-tried and convicted of second degree murder. Thereafter, defendant waived a jury and consented to be retried by the court upon the transcript of the first trial. We assume from the verbiage contained in the transcript on appeal that on January 24, 1976, the court believed defendant guilty of manslaughter and proceeded, inter alia, as follows: "The Court: Mr. Hopkins [the defendant], I again inquire whether you have any lawful reason why this court should not impose a sentence at this time? Mr. Hopkins: None, Your Honor . . .. The Court: It's the Order, Sentence and Judgment that . . . the defendant be committed to the Department of Corrections for a period of five years." A motion for new trial was never filed. Defendant's notice of appeal was filed February 7, 1976.

"We are again confronted with a record which requires that we dismiss an appeal because no final judgment has been entered. It has been repeatedly held that a trial court sitting as a jury and rendering a verdict . . . may not impose sentence and judgment until the time for the filing of a motion for new trial has expired. . . . In this case it appears that no motion for new trial was ever filed. . . . Likewise, there is no formal verdict of guilty, although the court indicated such would be his finding. Thus, . . . the defendant's right to file a motion for new trial and reinstate his appeal would be in question if a verdict had, in fact, been rendered. Rule 27.20, V.A.M.R. We shall, therefore, . . . set aside the submission, dismiss the appeal and remand the cause to the trial court with directions to enter a verdict, receive and rule upon a motion for new trial, if any be filed, and make an entry of final judgment in accordance with Rule 27.20." *State v. Spear*, 503 S.W.2d 52 (Mo.App.1973).

All concur.