**STATE of Missouri, Plaintiff-Respondent,**

v.

**Gary Tyd PALMER, Defendant-Appellant.**

No. 10230.

Missouri Court of Appeals, Springfield District.

Sept. 26, 1977.

STONE, Judge.

Defendant Gary Tyd Palmer was charged in three separate informations with first-degree burglary of a dwelling house and felonious assault upon each of the two adult owners-occupants thereof. By agreement, the three cases were consolidated for trial and, upon defendant's written waiver of trial by jury, were tried to the court. Upon conclusion of the evidence and "arguments" of counsel, the court found defendant guilty as charged in each of the three cases and immediately proceeded to grant allocution, to sentence defendant in each case to "10 years in custody of the Department of Corrections" with the sentences to run concurrently, and to pronounce judgment accordingly.

Thus, we are again confronted with a record which requires dismissal of an appeal because no final judgment has been entered. For, it has been held repeatedly that a trial court sitting as a jury and rendering a verdict may not impose sentence and enter judgment until the time [afforded by or

pursuant to Rule 27.20(a), V.A.M.R.] for the filing of a motion for new trial has expired. *State v. Hopkins,* 550 S.W.2d 947 (Mo.App. 1977); *Kansas City v. Rowell,* 548 S.W.2d 236, 237(2) (Mo.App.1977); *State v. Spear,* 503 S.W.2d 52 (Mo.App.1973). See *State v. Grant,* 380 S.W.2d 799, 803(4) (Mo.1964); *State v. Absher,* 439 S.W.2d 11 (Mo.App. 1969).

Accordingly, we set aside the submission, dismiss the appeal, and remand the cause to the trial court with directions to enter a verdict, receive and rule a motion for new trial, if any be filed, and enter final judgment in accordance with Rule 27.20.

BILLINGS, C. J., and TITUS, J., concur.