**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Charles Leon HOPKINS,
Defendant-Appellant.**

**No. 11009.**

Missouri Court of Appeals,
Springfield District,
Division One.

Nov. 8, 1978.

John D. Ashcroft, Atty. Gen., Paul R. Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

John S. Pratt, Springfield, for defendant-appellant.

TITUS, Presiding Judge.

Defendant was jury-convicted of second degree murder but the trial court granted his motion for a new trial. Thereafter, defendant waived a jury and consented to be court-tried upon the transcript of the first trial. On January 24, 1976, without rendering a verdict, the court indicated it believed defendant was guilty of manslaughter and forthwith sentenced him to imprisonment for a term of five years. On May 3, 1977, we set aside the submission, dismissed defendant's then pending appeal and remanded the cause to the trial court with directions to enter a verdict, receive and rule upon a motion for new trial, if any be filed, and make an entry of final judgment in accordance with Rule 27.20, V.A.M.R. *State v. Hopkins,* 550 S.W.2d 947, 948 (Mo.App.1977).

Concerning the present appeal (notice filed April 18, 1978), we glean from the transcript (filed October 31, 1978) the following: No verdict of guilty was rendered by the trial court following remand. Nevertheless, on May 9, 1977, defendant filed his "motion to withdraw waiver of jury trial" and on August 10, 1977, filed a motion for a new trial. The matters were heard and overruled on October 5, 1977, and subsequently on November 18, 1977, the trial judge "on his own motion disqualifies and requests the Supreme Court to assign another judge." Thereafter, on April 12, 1978, the special judge assigned by the Supreme Court entered judgment and sentence which provided for defendant's incarceration for a 5-year term for the crime of manslaughter. Defendant's oral motion for probation was denied.

As noted, supra, there was no compliance with our remand order because no verdict of guilty was rendered albeit the special judge erroneously assumed such a verdict had been rendered on January 24, 1976, in compliance with our May 3, 1977, remand order, which represents an impossibility. With nothing more involved, we could remand again in hopes of securing rendition

of a verdict. However, the above recorded events occurring subsequent to our remand demonstrates that the special judge was powerless to act in the cause.

■ Rule 79.01, V.A.M.R., provides: "If by reason of his going out of office, death, sickness, or other disability, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules after a verdict is returned . . . , then any other judge sitting in or assigned to the court in which the action was tried may perform those duties . . . ." This rule plainly states that a special judge may act only after a verdict is returned and, to repeat, no such verdict was ever returned. Also, a criminal defendant is entitled to have one judge hear the evidence and pronounce sentence if that be within the province of the court. *State v. Davis*, 564 S.W.2d 876, 878 (Mo. banc 1978). In this case, the judge who initially heard the evidence at the jury trial and in the second trial via transcript form, has been disqualified, and a special judge cannot now legally sentence the defendant. Consequently, the present appeal must be, and hereby is ordered dismissed with directions to remand the cause for a retrial.

It is so ordered.

FLANIGAN, C. J., and STONE, J., concur.