**STATE of Missouri, Respondent,**

v.

**Sharon Jean GONTERMAN, Appellant.**

**No. 10881.**

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 11, 1979.

Tyce S. Smith, Waynesville, Reilley, Bell & Weinberg, Chicago, Ill., for appellant.

John Ashcroft, Atty. Gen., Bruce E. Anderson, Paul Robert Otto, Asst. Attys. Gen., Jefferson City, for respondent.

FLANIGAN, Chief Judge.

The defendant was charged, in a two-count information, with the unlawful possession of two Schedule III controlled substances § 195.240.[1] Count I charged the possession of lysergic acid, § 195.017 6(3)(d), (L.1971 H.B. 69), and Count II charged the unlawful possession of phencyclidine, § 195.017 6(3)(g) (L.1971 H.B. 69). The information charged, and the evidence showed, that the two offenses were committed simultaneously.

A jury was waived and the trial court, after hearing the evidence, found the defendant guilty on both counts. After defendant's motion for new trial was over-

---

1. Unless otherwise indicated all references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1969, V.A.M.S.

ruled, the trial court entered the judgment and sentence set forth below.[2]

Although the possession of the lysergic acid was simultaneous with the possession of the phencyclidine, the offense charged in Count I is separate and distinct from the offense charged in Count II. *State v. Williams*, 542 S.W.2d 3, 5[3–7] (Mo.App.1976).

This court has "no jurisdiction to review the record on appeal in the absence of a final judgment in the trial court." *State v. Chase*, 415 S.W.2d 731, 732 (Mo.1967). To similar effect see *State v. Gilbert*, 507 S.W.2d 25 (Mo.App.1974); *State v. Robbins*, 481 S.W.2d 618 (Mo.App.1972); *State v. Summers*, 477 S.W.2d 721, 722 (Mo.App. 1972); *State v. Jones*, 477 S.W.2d 729, 730 (Mo.App.1972).

Rule 28.03, embodying the provisions of § 547.070, authorizes an appeal by the defendant "[a]fter the rendition of final judgment in any criminal case." "For purposes of this provision [Rule 28.03] final judgment requires the imposition of sentence." *State v. Harris*, 486 S.W.2d 227, 229[1] (Mo.1972); *State v. Jaeger*, 394 S.W.2d 347, 352[7] (Mo. 1965).

It should be observed that the "judgment and sentence" of the trial court is a so-called "consolidated or general sentence," that is, "one which does not specify the punishment imposed under separate counts" of the information. 24 C.J.S. Crim.Law § 1567(4), p. 430. In the majority of jurisdictions a general sentence, although frequently criticized, is valid if the sentence does not exceed the aggregate of the permissible sentences upon all of the counts on which defendant was properly found guilty.[3]

In Missouri, however, when a criminal is found guilty, by a court or jury, of two separate offenses, a separate punishment must be fixed for each offense and the failure of the instant "judgment and sentence" to include the assessment of a separate punishment for each offense renders it fatally defective. *State v. Runyon*, 411 S.W.2d 69, 71[1] (Mo.1967); *State v. Bursby*, 395 S.W.2d 155, 161[7] (Mo.1965); *State ex rel. Dalton v. Blair*, 365 Mo. 1167, 294 S.W.2d 1, 3[1] (1956); *State v. Huff*, 173 S.W.2d 895, 896[4] (Mo.1943); *State v. Meadows*, 331 Mo. 533, 55 S.W.2d 959[2–3] (Mo.1932).

The incumbent judge of the Circuit Court of Dade County is the successor of the judge before whom this case was tried. The latter judge did, in accordance with Rule 26.01(c), make a general finding[4] on

---

**2.** *JUDGMENT AND SENTENCE*

Now on this 5th day of December, 1977, Defendant Sharon Jean Gonterman appears in open court in person and with her attorney Tyce S. Smith. The Court, having overruled defendant's motion for new trial, informs Defendant she has been tried by the Court and found guilty of one count of possession of Lysergic Acid and one count of possession of Phencyclidine and asks her if she has any legal cause to show why judgment should not be pronounced against her. Defendant fails to show cause. The Court fixes sentence in accordance with the verdict at two years.

IT IS ORDERED AND ADJUDGED BY THE COURT that Defendant Sharon Jean Gonterman, having been found guilty of one count of possession of Lysergic Acid and one count of possession of Phencyclidine, be committed to the custody of the Department of Corrections of the State of Missouri for a period of two years, to be confined in the manner prescribed by law until the sentence and judgment of this Court be complied with or until Defendant shall otherwise be discharged by due process of law.

IT IS FURTHER ORDERED AND ADJUDGED that the State have and recover from Defendant the costs of this prosecution and that execution be issued therefor.

**3.** See 91 A.L.R.2d 511 (Propriety of general sentence covering several counts in information or indictment not exceeding in aggregate the sentence which might have been imposed cumulatively under the several counts.)

"It has been correctly said of the general sentence that there is 'universal recognition that the practice, while permissible, is unsatisfactory.' For years appellate courts have been admonishing trial judges that it is far more desirable to impose a separate sentence on each count, and that the general sentence should not be used." Wright, Federal Practice and Procedure, Volume II, § 527, p. 418.

**4.** In this respect the case at bar differs from the situation in *State v. Hopkins*, 573 S.W.2d 744 (Mo.App.1978) where the trial judge, after hearing the evidence, failed to make a general finding. It was necessary, in *Hopkins*, to remand the cause for a new trial.

each of the two counts and each finding was one of guilt. The successor judge, upon remand, has authority to impose a punishment for each of the two offenses pursuant to the findings of guilt made by his predecessor. *State v. Tettamble*, 450 S.W.2d 191, 193[2] (Mo.1970) (and authorities there cited).

In accordance with the procedure outlined in *State v. Chase*, supra, 415 S.W.2d 731 (Mo.1967), the submission of this cause on appeal must be set aside and the cause remanded to the trial court with directions to cause defendant to be brought before the court. Rule 27.08. The court should sentence the defendant on each count pursuant to the findings of guilt heretofore made by the trial court and should render final judgment in the cause. After the rendition of final judgment, defendant will have the right to take an appeal by filing a notice of appeal within the time prescribed by Rule 81.04. Defendant will then be entitled to a review by this court of the cause upon its merits "provided all proper procedural steps required by law and the rules of [the supreme court] are taken." *State v. Bledsoe*, 249 S.W.2d 457, 458 (Mo.1952).

Appeal dismissed and the cause remanded.

All concur, except PREWITT, J., not participating because not a member of the court when case was submitted.