Dear Mr. Freemen:
This is in response to a request for an opinion by Mr. David Blackwell, Director of the Missouri Division of Corrections. Since he is a director within your Department we assumed his request was with your approval. His request reads as follows:
 Under the Criminal code when multiple sentences are specified by the Court to run consecutive, shall they run consecutive as individual sentences or consecutive in the aggregate? To put it another way, shall two or three consecutive sentences be served as individual sentences for prison time and conditional release time or cumulative as one whole sentence?
When a defendant's felony sentences of imprisonment under the new criminal code must run consecutively there are questions raised as to how the date upon which the defendant should actually be released on his conditional release term is to be determined and how long the conditional release term will be. Under § 558.011 (Senate Bill 234, 80th Gen. Assembly), when a sentence of imprisonment is imposed, it consists of a "prison" term during which the defendant is incarcerated, unless released on parole pursuant to § 549.261, RSMo 1978, and a "conditional release" term which involves the release of the defendant, if he has not already been released on parole, to the custody of the parole board to be supervised according to conditions set down by that board until the end of the complete term of the sentence. The portions of the sentence of imprisonment to be allocated to the prison terms and conditional release terms are set out in § 558.011.4. Section 558.011.4 is set out as follows:
 4. (1) A sentence of imprisonment for a term of years shall consist of a prison term and a conditional release term. The conditional release term of any term imposed under section 557.036, RSMo, shall be:
 (a) One-third for terms of nine years or less;
 (b) Three years for terms between nine and fifteen years;
 (c) Five years for terms more than fifteen years, including life imprisonment; and the prison term shall be the remainder of such term.
 (2) "Conditional release" means the conditional discharge of a prisoner by the division of corrections subject to conditions of release that the state board of probation and parole deems reasonable to assist the offender to lead a law-abiding life, and subject to the supervision under the state board of probation and parole. The conditions of release shall include avoidance by the offender of any other crime, federal or state, and shall prohibit technical violation of his probation and parole.
The problem posed by the opinion request is illustrated by the example of a defendant who would be sentenced to two terms of imprisonment, one for three years the other for twelve years, the second to run consecutive to the first. The prison and conditional release terms for the three year sentence would be two years and one year respectively. The prison and conditional release terms for the second sentence would be nine years and three years respectively. There are two possible ways to compute the actual conditional release date of this defendant. The first would be to aggregate the two sentences of imprisonment and consider them as a single fifteen year sentence. If done this way, the prison term would be twelve years and the conditional release term three years. The other manner of determining the conditional release date would be to add the prison terms and conditional release terms of each of the respective sentences and require the defendant to serve the total of the prison term and then be released at the end of that date to serve the total of the conditional release terms. If figured this way, the defendant in the above example would serve an eleven year prison term and a four year conditional release term. His imprisonment would be one year less than figured in the first way but he would remain on conditional release for one more year.
While § 558.026.1, RSMo 1978, provides statutory authority for a court to impose consecutive sentences, there is nothing explicit in the code to resolve the computation problem described above. Indeed, there is nothing specific addressing itself to resolution of this problem either in common law or pre-code Missouri statutory law. Normally, when a state has provisions for mandatory release before the end of the sentence, it also has a statute prescribing the effect of consecutive sentences. See for example, Illinois: S.H.A. ch. 38, § 1005-8-1 and § 1005-8-4(e)(2) (as amended by P.A. 80-1099, § 3, eff. February 1, 1978); North Carolina; N.C. §§ 15A-1371(f) and 15A-1354(b) (1979 Cum. Supp.). Virginia does not have such a clarifying statute for its mandatory release provisions, Va. Code § 53-251.3 (1979, cc. 700, 703) and § 19.2-311 (1976, c. 498), and has no decisional law or Attorney General's opinions to provide any authority helpful to resolving this opinion.
The mandatory conditional release structure adopted in the new code is unique to this state and does not appear to be modeled on any other set of statutes. See Proposed Code
§ 3.010(4), Comments, pp. 44-45; The New Missouri CriminalCode: A Manual for Court Related Personnel, § 3.2, Comments on § 558.011.4, p. 3. Therefore, we must utilize the general principles established by Missouri courts for the interpretation and construction of statutes in general and those relating to criminal sentencing in particular.
The primary object of statutory interpretation is to ascertain the intent from the words used in the statutes giving them their plain and rational meaning. State v.Wright, 515 S.W.2d 421, 427 (Mo. banc 1974). The interpretation should promote the object, purpose and policy of the statute,id., with it being presumed that the legislature did not intend to enact an absurd law incapable of being enforced.Bank of Belton v. State Banking Board, 554 S.W.2d 451, 456
(Mo.App., K.C.D. 1977); State ex rel. Safety AmbulanceService, Inc., v. Kinder, 557 S.W.2d 242, 247 (Mo. banc 1977). Effectuating the object and purpose of the law is so important in construing statutes that courts have given priority to that object and purpose over the literal terms of the statute, especially where there is ambiguous or contradictory language. Bank of Belton v. State BankingBoard, supra, at 456; State ex rel. Safety Ambulance Service,Inc., v. Kinder, supra, at 247. The purpose and object of the statute is determined from the words used in the statute, taking them both at their plain meaning and as viewed in the totality of the enactment and in light of the evil to be remedied and the circumstances existing at the time of the enactment of the statute. Bank of Belton v. State BankingBoard, supra; State ex rel. Safety Ambulance Service, Inc.,
v. Kinder, supra; and State v. Wright, supra. When the legislature adopts a code or parts thereof, it is reasonable to conclude that they did so with the intention of adopting the accompanying interpretation by the drafters. State v.Anderson, 515 S.W.2d 534, 539 (Mo. banc 1974).
Since Missouri statutes give no explicit directions on how consecutive sentences of different lengths affect each other in regard to the computation of the actual release date on the conditional release term, we are left with determining what the General Assembly intended from the application of the above mentioned general principles of statutory interpretation. Because we are construing statutes dealing with the punishment administered for a crime, these principles must be applied in a manner which renders the law construed liberally in favor of the defendant and strictly against the State. State v. Treadway, 558 S.W.2d 646, 652-653
(Mo. banc 1977), cert. denied, ___ U.S. ___, 99 S.Ct. 124
(1978); reversed on other grounds, Sours v. State, No. 61458 (Mo. banc January 15, 1980). In Treadway, the court was determining whether the legislature intended to mandate consecutive sentencing for armed criminal action, § 559.225, RSMo Supp. 1976, when the statute allowed that the sentence for armed criminal action must be imposed "in addition to" any other sentence. The court held that in construing the penalty provision liberally in favor of the defendant and strictly against the State it was not to be presumed that the punishment extended further than expressly stated and that the milder penalty should, therefore, be preferred over the harsher. Id. The court concluded that the armed criminal action statute did not mandate consecutive sentencing.
Another relevant factor in determining the legislative intent is the purpose of the conditional release term. The concept is entirely new to Missouri penal law and the fact that the legislature enacted something changing so radically the previous laws on sentencing would be relevant in determining their intent. According to the terms of §558.011.4(2), conditional release is in effect mandatory parole. The defendant is released to the supervision of the State Board of Probation and Parole to be supervised under conditions set by it prohibiting the defendant from violating the law and also allowing purely "technical" conditions. If he violates the terms of his conditional release, that release can be revoked by the Board the same as if he were a parolee. Section 558.031.5, RSMo 1978. When returned to the prison, he must serve the remainder of the conditional release term as an additional prison term unless he is sooner released on parole. Section 558.031.5, RSMo 1978.
The drafters of the code equated the purposes of conditional release with those of parole, providing a period of transition from prison into complete freedom in society to help prevent recidivism. However, they also provided a deterrent against unacceptable conduct while on conditional release by requiring the defendant who is revoked on conditional release to serve the rest of his conditional release term as a prison term. Proposed Code, § 3.010(4), Comments, pp. 44-45. The fact that this "mandatory parole" was entirely new to Missouri law, parole having been strictly up to the discretion of the State Board of Probation and Parole before that, the new sentencing structure appears to be a liberalizing one rather than a more severe one.
Both the rule of statutory construction of penal statutes in Treadway and the evident liberalizing intent behind the legislature's provision for a conditional release term impel the conclusion that the actual conditional release date must be computed in the manner providing for the shortest prison term, i.e., by aggregating the prison and conditional release terms rather than treating the several sentences as one sentence. Supportive of the conclusion that consecutive sentences are not to be considered as "one term" is the principle in Missouri sentencing law that a court must impose separate sentences when a defendant is convicted of more than one crime, rather than imposing a single general sentence covering all of the crimes. State v. Meadows, 55 S.W.2d 959
(Mo. 1932); State v. Gonterman, 588 S.W.2d 754 (Mo.App., S.D. 1979). While it is true that in providing for consecutive sentencing, the legislature obviously recognized this as a means for inflicting more onerous punishment, this intent is still effectuated by the increased amount of time the defendant must spend on his prison term as a result of the aggregation of his prison terms, and the increased amount of time he must spend on his conditional release term. Referring to our previous example, the defendant is not free to be released on conditional release at the end of nine years, as he would if the sentences were run concurrently, and then spend only three years on conditional release; but rather he must spend two additional years in prison and an additional year on conditional release. The New Missouri Criminal Code: AManual for Corrections Personnel, § 3.7.
Another question arises about the length of the conditional release term. Does § 558.011.4(1)(c), provide that the conditional release time served on consecutive sentences cannot exceed five years total? This in effect would be to run all conditional release terms on the consecutive sentences concurrently. Such a result has no foundation in the statutory language or decisional law of Missouri. As indicated previously, consecutive sentencing is authorized by § 558.026.1, RSMo 1978, which provides that "[m]ultiplesentences of imprisonment shall run concurrently unless the court specifies that they shall run consecutively." A "sentence of imprisonment" consists of both a prison term and a conditional release term. Section 558.011.4(1). There is no authority to authorize the Division of Corrections to run concurrently conditional release terms which are a part of sentences of imprisonment ordered by a court to run consecutively. The New Missouri Criminal Code: A Manualfor Corrections Personnel, § 3.7. The power to run sentences consecutively or concurrently is left exclusively up to the court, § 558.026.1, without any discretion given to the Division of Corrections to modify sentences imposed thereunder.
This conclusion is reinforced by language in § 558.011.4(1), which provides:
 The conditional release term of any term
imposed under section 557.036, RSMo, shall be:
* * *
 (c) Five years for terms more than fifteen years, including life imprisonment; and the prison term shall be the remainder of such term. [emphasis added]
The use of the phrase "any term" indicates a conditional release term for each individual term or sentence of imprisonment. The plural "terms" is used in subsection (1)(c) because terms of various lengths can be chosen by the court for periods of over fifteen years. The use of the plural does not indicate that conditional release terms of five years are the most that can be imposed on any collection of terms of imprisonment. the rule as previously stated in State v.Treadway, supra, requiring a liberal construction of criminal sentencing laws in favor of the defendant has never been taken to mean that criminal laws must have read into them language that is not there or be interpreted in an extremely attenuated or strained manner. Furthermore, a lengthy conditional release term can be considered consistent with the concept that consecutive sentences can be imposed when the circumstances of the offense and the character of the defendant require a longer total period of imprisonment and supervision. It is reasonable to infer that those same circumstances would require, in the judgment of the sentencing judge, a lengthy period of parole board supervision during which the defendant is under the deterrent of having to return to imprisonment if the conditions of that release are violated.
Simply because there may be instances in which a defendant serving consecutive sentences must serve a longer conditional release term than a person serving those same sentences concurrently does not present a problem which the Division of Corrections is authorized to resolve by means of running the conditional release terms concurrently. The fact that one inmate will be serving a longer conditional release term than another is simply a result of an act of discretion on the part of the sentencing judge as to which defendants need extended periods of supervision on conditional release and which do not.
The fact that it may be argued that it makes more sense either administratively or penologically to consider consecutive sentences as one term for purposes of determining the conditional release date and the length of the conditional release term is irrelevant to the determination of the question in this opinion. The question in this opinion is what authority the Division of Corrections has under the statutes and decisional law of this state to determine when a person serving consecutive sentences will be conditionally released and by what authority the State Board of Probation and Parole shall determine when he shall be released from the conditional release state. The existence of such authority must be determined from the statutes and decisional law according to the principles delineated above. Provisions as to administrative and penological policy can be implemented only by the legislature. Only the legislature, as did those in North Carolina and Illinois, can determine that sentences ordered by a judge to be run consecutively can in fact be run in part concurrently by means of considering them to be a single sentence for purposes of determining the conditional release date and the date of complete discharge from the conditional release term.
CONCLUSION
It is the opinion of this office that a defendant sentenced to serve consecutive terms of imprisonment under the new criminal code must have his actual conditional release date computed by adding up the total of his prison terms on his respective consecutive sentences. He should be released on conditional release at the end of that total period of time. The length of his conditional release period is determined by adding the total of the conditional release terms on the respective consecutive sentences.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, Paul Robert Otto.
Very truly yours,
 JOHN ASHCROFT Attorney General