Bruce CHARLES, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 31272.

Missouri Court of Appeals,
Western District.

Feb. 2, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 2, 1981.

Application to Transfer Denied
April 6, 1981.

Joseph R. Borich, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Darrell Panethiere, Asst. Atty. Gen., Kansas City, for respondent.

Before WASSERSTROM, C. J., SHANGLER, DIXON, PRITCHARD, SOMERVILLE and MANFORD, JJ., and SWOFFORD, Senior Judge.

SHANGLER, Judge.

The appeal comes from a judgment adverse to a Rule 27.26 motion to set aside a conviction and sentence for robbery.

The assertions for postconviction relief recite incidences of incompetency of trial counsel. Our review of that trial performance, however, is hampered by a brief on appeal which neglects the rudiments of Rule 84.04. The statement of facts is ten-

dentious rather than fair: it recites the effect of the witnesses for the defense, regardless of adjudicated findings of fact by the trial court and evidence by the prosecution to contrary effect. The references to the transcript bear no faithful verisimilitude to the contents for which the movant cites them. We undertake to make full review nevertheless to finally adjudicate the contentions which have lingered over two postconviction proceedings. [See, *Charles v. State*, 573 S.W.2d 139 (Mo.App. 1978)].

 The defendant contends a spate of errors. One of them asserts that counsel was ineffective for failure to challenge—in the wake of *Taylor v. Louisiana*, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975)—the system for jury selection in Jackson County at the trial for robbery. Another of them asserts that the postconviction court erred for failure to set aside the robbery judgment entered after *Taylor v. Louisiana*. The defendant was tried and convicted *after Taylor v. Louisiana* (1975) but before *Missouri v. Duren*, 556 S.W.2d 11 (Mo.banc 1977) and *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979). *Taylor* decided that systematic exclusion of women during the jury selection process which resulted in venires not reasonably representative of the community denied a criminal defendant right under the Sixth and Fourteenth Amendments. *Duren* (U.S.) decided that based upon statistical proof the jury selection process in Jackson County systematically excluded women in violation of the *Taylor* constitutional principle and reversed *Duren* (Mo.) which had held that the statistical evidence for proof of that proposition was not met.

The public defender trial attorney for the defendant testified at the postconviction proceeding that he was aware of the *Taylor* implications but believed nevertheless that the evidence was not at hand to prove a motion to quash a jury panel in a Jackson County criminal trial and so did not assert one. That same office shortly thereafter amassed the extensive evidence the *Duren* (U.S.) court eventually found sufficient to

prove the systematic exclusion of women from the Jackson County criminal jury venires. We comment only to interstice the full narrative [given in *Benson v. State*, 611 S.W.2d 538 (Mo.App.1981), of the massive transprofessional effort entailed to prove the Jackson County jury selection process unconstitutional on the principles of *Taylor*.

*Benson* determines that failure of a trial counsel—in the absence of an already adjudicated statistical proof of a local systematic exclusion of women from criminal jury venires—to anticipate the incipient *Taylor* principle, would invalidate the Jackson County jury selection process does not amount to ineffective trial advocacy. *Benson* determines also, on settled trial and appellate procedures, that:

> [u]nder the settled principle of waiver by failure to make proper and timely objection, no *Taylor v. Louisiana* claim can be made to a Missouri jury seated prior to *State v. Duren*, absent a proper and timely objection. Whether the claim is asserted on direct appeal, or in a subsequent Rule 27.26 proceeding, the failure to make a timely and proper objection bars review.

The two contentions of ineffective assistance of trial counsel for want of motion to quash the jury venire on the authority of *Taylor* and constitutional error by the Rule 27.26 court for failure to set aside the conviction on that same authority fall within the exact rationale of *Benson* and are denied.

 The defendant impugns the adverse determinations of several other grounds of the postconviction motion on the assertion that the court misconstrued the evidence. To sustain contention, the defendant relapses to a view of the evidence which accords conclusive truth to the testimony of the defendant and no effect to the testimony of the trial counsel—in this case an actual witness for the defendant. That bias precluded the fair statement of facts required by Rule 84.04(c) and now hampers appellate decision. The trial court entered thoughtful and fastidious findings of fact and conclusions of law as prelude to judgment on

the Rule 27.26 motion. They were drawn from an assessment of the evidence juxtaposed on each issue. They are not disturbed unless clearly erroneous. Rule 27.26(j). The arguments of the defendant simply do not take into account the burden of proof the law imposes on a postconviction movant. Rule 27.26(f).

Accordingly, we conclude that there was substantial evidence for the court to determine that the defendant was not denied effective assistance of counsel in the robbery trial for failure to assert the defense of insanity [mental disease or defect excluding responsibility], for failure to interview all witnesses *personally* [some were interviewed or attempted for interview by an investigator], for failure to move to suppress the identification testimony of two witnesses [in fact, a motion as to one was made, and as to the other was unnecessary for want of ability to make identification], for failure to strike a juror [a matter of trial error not within the scope of the Rule 27.26 remedy and, in any event, in this case a matter of trial strategy—*Milentz v. State*, 545 S.W.2d 688, 690[3, 4] (Mo.App.1977)], for failure to move to suppress the amended information under the Habitual Criminal Act on the ground that person who committed the prior offense charged in the amended information was not the defendant [a contention contrary to the evidence], and for failure to locate and summon an unnamed alibi witness [a diligent search by investigators aided by a subpoena did not avail to identify any such person]. These determinations are not clearly erroneous.

Two other contentions of error are directed to the action of the trial court without implication to trial counsel. One asserts that the court simply made an error of constitutional law to refuse to set aside ·and reduce the twenty-five year sentence for robbery as a cruel and unusual punishment. The contention, without developed factual basis or even legal argument, remains blithe. The defendant offers no basis for the determination that the sentence was "disproportionate to the crime for which it [was] imposed"—the singular standard for that judgment. *State v. Higgins*, 592 S.W.2d 151, 155[2, 3] (Mo.banc 1979).

The other contention is that the defendant was entitled to a new trial because the trial judge who presided over the criminal trial since died and another judge without memory of the original proceedings was not qualified, merely by reference to transcript, to conduct a Rule 27.26 adjudication based on the original proceedings. The case cited by the defendant, *State v. Hopkins*, 573 S.W.2d 744 (Mo.App.1978) simply does not bear on the point. The contention fails both as a matter of logic and as a matter of promulgated procedure. If assumption were valid, no defendant in a Rule 27.26 proceeding could disqualify a judge, no matter the interest or bias of the judge [despite Rule 51.07], or—as the State suggests—the defendant only need abide the death of the trial judge to ensure a new trial by postconviction complaint. See, also *State v. Tyler*, 440 S.W.2d 470, 474[8] (Mo. banc 1969). Rather, express Rule 79.01 provides:

> If by reason of his going out of office, *death*, sickness or other disability, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules *after a verdict is returned* or findings of fact are filed, *then any other judge* sitting in or assigned to the court in which the action was tried *may perform those duties* . . . . [emphasis added]

The case cited by the defendant, *State v. Hopkins*, 573 S.W.2d 744 (Mo.App.1978), simply does not bear on the point. The points are ruled against the defendant.

The judgment is affirmed.

All concur.