**STATE of Missouri, Respondent,**

v.

**McKinley LUE, Appellant.**

**No. KCD 30652.**

Missouri Court of Appeals,
Western District.

Feb. 4, 1980.

Julian J. Ossman, Asst. Circuit Atty., Jefferson City, for appellant.

John Ashcroft, Atty. Gen., Peter Sadowski, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, C. J., Presiding, WELBORN and SMITH, Special Judges.

LAURENCE R. SMITH, Special Judge.

This is an appeal from a judgment of conviction and sentence to seven years imprisonment, under second offender act, entered on a jury verdict finding defendant (appellant) McKinley Lue guilty. Both parties and the trial court designate the conviction as stealing by deceit, *under Section 561.450.*[1]

Because we reverse on account of the verdict being insufficient, it is only necessary for us to consider two points. Facts of the case are stated under the second point herein.

1. Statutory references are to RSMo 1969.

### 1. *Insufficiency of the Verdict.*

There is confusion in this case because it is not clear of what crime defendant has been convicted.

Stealing by deceit under Section 560.156 and obtaining property by means of the "confidence game" under Section 561.450 are quite similar, but they are separate and distinct crimes.[2]

Stealing by deceit carries punishment up to ten years. Obtaining property by means of the "confidence game" carries punishment only up to seven years. The section on stealing authorizes a defense where one intended merely to use the property in question and promptly return. No such defense is authorized for "confidence game."

The case was tried upon the Second Amended Information. No statutory reference to the crime charged is therein given. This information contained sufficient allegations to charge with either of the above two crimes.

Instruction No. 4, given in this case, might support either offense. The jury by its verdict merely found the defendant "guilty." The question is, guilty of what?

Instruction No. 4 is taken from MAI–CR 7.72 Stealing by Deceit, which is based upon Section 560.156, the section on stealing. The state concedes that MAI–CR 10.04 Confidence Game Instruction, based upon Section 561.450, should have been given. Both parties in their briefs consider the conviction as stealing by deceit, but under Section 561.450 (rather than Section 560.156).

The transcript reflects that the trial judge at the time of ordering a pre-sentence investigation made reference to seven years, the term he intended to give, as "the maximum sentence." (This is the maximum for a "confidence game" conviction).

The judgment or sentence in the transcript is headed:

"CHARGE: Stealing by Deceit

*Section: 561.450*" (emphasis ours)

In the main body of the judgment it is stated:

"IT IS THEREFORE, SENTENCED, ORDERED AND ADJUDGED by the Court that the Defendant, McKinley Lue, having been convicted upon trial by jury of the *felony of stealing by deceit,* (emphasis ours) be confined . . ."

In defendant's original motion for new trial it is alleged that the state failed to make a submissible case of "theft by deceit." In defendant's notice of appeal he allegedly appeals from the judgment of "stealing by deceit under Section 561.011" (this section relates to forgery).

■ The Second Amended Information was defective because it failed, in violation of Rule 24.01, to give the section of the statutes which proscribes the conduct charged. However, defendant has not challenged the sufficiency of the information, and we do not believe this was fatally defective so far as depriving the court of jurisdiction. *State v. Tierney,* 584 S.W.2d 618 (Mo.App.1979).

Instruction No. 4 was defective because it did not require a finding of the crime of which defendant was allegedly guilty. MAI–CR 7.72 requires the finding: ". . . then you will find the defendant guilty . . . of stealing . . . by deceit." MAI–CR 10.02 requires the finding: ". . . then you will find the defendant guilty . . . of obtaining . . property by means of the 'confidence game.'"

On this appeal defendant alleges that the giving of Instruction No. 4 was error. However, we find it unnecessary to determine whether the giving of the defective instruction was prejudicial, because of our finding that the verdict was insufficient.

■ Defendant does not challenge the validity of the verdict as a numbered point in his brief. However, he does challenge the sufficiency of the verdict in his argument under point one of his brief relating to Instruction No. 4.

---

2. Both sections were repealed by the new Criminal Code, effective January 1, 1979.

We believe that the issue of the sufficiency of the verdict was defectively raised and defectively preserved on appeal. However, in accordance with Rule 27.20, we find plain error in the verdict affecting substantial rights and believe that manifest injustice has resulted therefrom.

 If an information charges two offenses the verdict of necessity must specify the offense of which defendant is found guilty. *State v. Rowe*, 142 Mo. 439, 44 S.W. 266 (1898). In the present case it was not intended to charge defendant with two offenses. However, the information and the instructions potentially support two offenses. In determining the sufficiency of a verdict the controlling object is to learn the intent of the jury. *State v. Lovitt*, 243 Mo. 510, 147 S.W. 484 (1912). And the verdict must be sufficiently definite and certain so that upon the entry of a judgment thereon it would constitute a bar to a further prosecution for the same offense. *State v. Saussele*, 265 S.W.2d 290 (Mo. banc 1954).

 The verdict in the instant case is ambiguous. Due to the defects in the information and instructions the intent of the jury is not clear. It is not certain that the verdict and judgment would bar further prosecution for the same offense. There should not be any doubt as to the crime of which one is found guilty.

On a retrial, the information should be amended by identifying the section under which defendant is being charged, and the instructions and form of verdict should be redrafted so as to clearly specify that offense.

### 2. Submissible Case.

Defendant contends the trial court erred in overruling defendant's motion for judgment of acquittal at the close of the state's case for the reasons that there was no credible evidence linking defendant to the alleged offense and no evidence that Wal-Mart Discount Cities was defrauded or suffered a financial loss.

The state's evidence showed the following:

Upon the instructions of the defendant, on or about November 7, 1978, Jacqueline V. White went to the police to report that her purse had been stolen. Among the items which she reported stolen was her checkbook. The next day, November 8, 1978, Miss White together with Helena Robinson, Willie Mae Hodge and the defendant went to the Wal-Mart store. The defendant told the group to go into the store to "get some clothing and an item to return." Following these instructions, Miss White and Willie Mae Hodge went into the Wal-Mart store, purchased some clothing and a massager. As Miss White went into the store, Miss Hodge went to get the check and then both of them went to the checkout stand. Miss Hodge gave the check to Miss White and she gave it to the clerk. The handwriting on the check was that of Helena Robinson. The checker rang the items up and received the check from Miss White. The signature on that check purported to be that of "Jacqueline White" but it was actually signed by Willie Mae Hodge. After receiving the merchandise Miss White and Miss Hodge went out of the store to the car in which Helena Robinson and the defendant were waiting. The defendant instructed Helena Robinson to go back into the store, state that the massager was a wedding present and that she already had one and therefore wanted to return it. Helena Robinson went back into the store and came back with some money which she gave to the defendant. Sometime later Miss White was notified by her bank about the check. She went to the bank and signed an affidavit of forgery.

 The defendant offered no evidence. There was ample evidence from which the jury could find the defendant aided or encouraged the commission of the offense.

It was not necessary for the state to prove that Wal-Mart store suffered a financial loss. Under the instruction given and under both MAI–CR 10.04 and 7.72 it is only necessary to prove that the defendant "obtained" money or property from the person defrauded, and that the person defraud-

ed was induced to "part" with the money or property.

Other points relied on by defendant in this appeal are:

(1) The trial court's failure and refusal to reappoint competent counsel to assist defendant in the trial; and (2) The trial court's refusal to grant change of venue. We find it unnecessary to rule on these points and believe that such matters will be properly resolved upon retrial.

The judgment of the trial court is reversed and the case is remanded for a new trial.

All concur.